JOHN H. BERGEN, Appellant, *v.* HONORA URBÁHN, Executrix, etc., et al., Respondents.

Where in an action to foreclose a mortgage, which by its terms was given to secure the payment of moneys as specified in the condition of a bond, the defense of payment is interposed, the non-production of the bond by the plaintiff is evidence of the discharge of the mortgage debt; and if unexplained is conclusive against plaintiff's right to recover.
*Goodhue* v. *Berrien* (2 Sandf. Ch. 630), distinguished.

(Submitted November 10, 1880 ; argued November 30, 1880.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 13, 1879, which affirmed a judgment in favor of defendants, entered upon a decision of the court entered at Special Term.

This was an action to foreclose a mortgage. The material facts appear in the opinion.

*John H. Bergen,* appellant in person. The mortgage is equally good with or without a bond, and plaintiff is entitled to a decree of foreclosure, whether a bond exists or not. (*Goodhue* v. *Berrien*, 2 Sandf. Ch. 630.)

*James Eschwege* for respondents. The bond being absent, the mortgage will be presumed to have been paid. (*Bauder* v. *Snyder*, 5 Barb. 63 ; *Flagg* v. *Ruder*, 1 Bradf. 193.)

DANFORTH, J.   Whether we take the pleadings as they are set forth in the record, or as they would have been if actually amended in pursuance of the order of the trial judge, can make no difference with the result.   In either case the plaintiff failed to make out a cause of action.   The complaint sets out a bond and mortgage, and alleges default in the payment of the sum secured thereby.   The court allowed the plaintiff to amend that pleading "by striking out all the allegations as to a bond and setting forth the mortgage produced in evidence; whereupon," as the case states, "defendants, by leave of the court, amended the answer by setting up payment of this mortgage."   No formal amendment of either pleading seems to have been made; yet evidence of payment was offered, and, although objected to, it was not upon the ground that such issue was not within the pleadings, and it is now too late to raise that question.   (*Voorhees* v. *Burchard*, 55 N. Y. 98.)

The learned trial judge came to the conclusion that the defense was made out; the judges of the General Term were of the same opinion; and we think the evidence permits no other. Upon the plaintiff's own showing he was not entitled to recover.   It was provided that the mortgage should "cease, determine and be void" upon the "payment of the money mentioned in the condition of the bond" referred to in the mortgage; the covenant recited was, that the money should be paid, "as mentioned and expressed in the condition of the bond," and it is only upon default in such payment that the mortgage can be enforced.   The plaintiff closed his case without producing the bond or accounting for its absence, and thereupon the record states, the "defendant called for the production of the bond recited in the mortgage, which plaintiff failed to produce, stating that it was not in his possession." It is apparent, from the terms of the mortgage, that the bond was the principal thing, and the mortgage a mere incident. If the bond had been paid, the mortgage was of no avail; if it had been transferred, it carried with it the security afforded by the mortgage, and when the plaintiff admitted that it was not in his possession, and said nothing in explanation of his

failure to produce it, the trial need have gone no further. For as well by the allegations in the complaint, the recital in the mortgage, and the admission of the plaintiff, there was originally a bond, but which, as to him, must be deemed to have been canceled, and the main fact of indebtedness was therefore unproven. The learned counsel for the appellant now contends, however, that "the mortgage is equally good with or without a bond; that in either case he is entitled to a decree of foreclosure," and in support of this position cites the case of *Goodhue* v. *Berrien* (2 Sandf. Ch. 630). It is inapplicable; there the mortgage was given to secure sundry liabilities incurred for the mortgagor. This appeared by its terms; and although it also referred to a bond it was proven that no bond was in fact given. The case now in hand contains neither of these facts, and is therefore subject to the rule which makes the non-production of the bond referred to in the mortgage evidence of the non-existence or discharge of the mortgage debt, and when unexplained is conclusive against the plaintiff's right to recover. (*Jackson* v. *Willard*, 4 Johns. 43; *Langdon* v. *Buel*, 9 Wend. 80; *Merritt* v. *Bartholick*, 36 N. Y. 44.) Other circumstances appearing in evidence, and leading to the same conclusion, are considered by the learned judges of the court below and need not be repeated.

The judgment should be affirmed.

All concur.

Judgment affirmed.