CLARISSA LAMMER, *et al.*, Appellants, *v.* HELEN G. STODDARD, as Executrix, etc., *et al.*, Respondents.

*Court of Appeals, November 23, 1886.*

1. *Mortgage. Payment.*—Where a bond and mortgage were given forty-eight years before the mortgagor's death, and thirty-four years before the mortgagee's death, and during most of this time the former had possessed ample pecuniary ability to pay, while the latter did not have much means, nor have the bond and mortgage in her possession at the time of her death, though the mortgage was found, after the death of both parties to be uncancelled of record, the non-production of the bond and mortgage was held to furnish very satisfactory and conclusive evidence of their payment.

2. *Same. Limitation.*—The statute of limtations, as against the trustee of an actual, express, subsisting trust, does not begin to run against the beneficiary, until the trustee has openly, to the knowl-

edge of the beneficiary, renounced, disclaimed, or repudiated the trust.

3. *Same.*—In case of a trustee ex maleficio, or by implication or construction of law, the statute begins to run from the time the wrong was committed by which the party became chargeable as trustee by implication.

Action brought to recover the amount of a loan of trust money.

Joseph Lammer left personal property amounting upwards of $36,000, and in his will he bequeathed to his wife the sum of $2,000, and created a trust as follows:

" I give and bequeath unto my said wife, Mary, the further sùm of $3,000, lawful money aforesaid, to be paid to her as soon as conveniently may be after my decease, in trust, nevertheless, that she, my said wife, shall have, use and take the interest accruing and to arise from the said $3,000, during the minority of my sons Joseph and John and daughter Clarissa, to be applied for and towards the support and maintenance and education of said three children, and to pay to the said children, Joseph, John and Clarissa, as they shall respectively arrive at the age of twenty-one years, the sum of $1,000 each.

" My will is that the sum of $3,000, hereinbefore given in trust to my said wife, Mary, shall be by her put at interest by good bond and mortgage security upon real estate, to be approved of by my executors hereinafter named, and in case either or all of my said children, Joseph, John and Clarissa, shall die during their minority and without lawful issue, then my will is, and I do hereby give and bequeath unto my said wife, Mary, the sum or sums of money which such child or children would have been entitled to receive if he, she or they had lived to the age of twenty-one years."

And he appointed his wife and his son Edward executors of his will.

The will was admitted to probate, and the trust fund was invested in a bond and mortgage, which was paid off in 1836, and subsequently was loaned by the executrix to Edward Lammer, together with her $2,000, and secured by a bond and mortgage upon premises on which there was a prior mortgage which was afterwards foreclosed, and no surplus was left to apply on the second mortgage. Clarissa, on the death of her mother in 1870, was appointed administratrix of her estate, and as such commenced an action against the executrix of Edward's will, to enforce the trust as to the $3,000.

Appeal from a judgment of the general term of the city court of Brooklyn, affirming a judgment in favor of the defendants.

*P. V. R. Stanton,* for appellants.

*Jesse Johnson,* for respondents.

EARL, J.—The finding of the trial court, affirmed by the general term, that Edward Lammer had paid to Mary Lammer the amount loaned to him by her, which was secured by his mortgage, was founded upon sufficient evidence, and concludes us. The loan was made forty-eight years before Edward's death, and thirty-four years before Mrs. Lammer's death, and during most of that time he possessed ample pecuniary ability to pay. She was not shown to possess much means, and presumably needed the means for the support of herself and infant children. She and Edward always resided near each other, and, during twenty years, he made a considerable allowance to his sister for the benefit of herself and mother, thus showing that he was not only disposed to be just, but liberal. The bond and mortgage were not in her possession at her death, were not then shown to be in existence, and were never, until shortly before the commencement of this action, by either of the plaintiffs, the youngest of whom at her death

was forty-two years old. Under such circumstances, the non-production of the bond and mortgage furnishes very satisfactory and conclusive evidence of their payment. Bergen *v.* Urbahn, 83 N. Y. 49.

But the statute of limitations furnishes an equally conclusive defense to this action. If it be assumed that the trust fund was loaned to Edward Lammer with notice of the trust, under such circumstances that the trust, within a proper time, could have been enforced against him or his estate, the lapse of time would still stand in plaintiff's pathway. If this were an action to recover the debt evidenced by the bond and mortgage, it is conceded that it would have been barred. But the action is to establish and enforce a trust, and hence the claim is made that it is not barred. It is undoubtedly generally true that, as against a trustee of an actual, express, subsisting trust, the statute does not begin to run against the beneficiary until the trustee has openly, to the knowledge of the beneficiary, renounced, disclaimed, or repudiated the trust. But Edward Lammer was not the actual trustee of this fund, and he never acknowledged a trust as to the money loaned him. He could, at most, have been declared a trustee *ex maleficio*, or by implication or construction of law; and in such a case the statute begins to run from the time the wrong was committed by which the party became chargeable as trustee by implication. Wilmerding *v.* Russ, 33 Conn. 67; Askhurst's Appeal, 60 Pa. 290; McClane *v.* Shepherd 21 N. J. Eq. 76; Decouche *v.* Savetier, 3 Johns. Ch. 190; Ward *v.* Smith, 3 Sandf. Ch. 592; Higgins *v.* Higgins, 14 Abb. N. C. 13; Clark *v.* Boorman, 18 Wall. 493; Perry, Trusts, § 865.

We, therefore, see no reason to doubt that the judgment below was right, and it should be affirmed, with costs.

All concur.