PAULINE GEISSMANN, Respondent, *v*. LOB WOLF and Others, Defendants, and FRANCIS C. CORMIER and Others, Appellants.

46h    289
j170 NY ʉ560

*Testimony of a mortgagor as to personal transactions with a deceased mortgagee, inadmissible in favor of a judgment-creditor of the mortgagor — Code of Civil Procedure, sec. 829 — the recording of a mortgage is sufficient proof of its delivery — the delivery of the bond may be inferred from a reference to it in the mortgage.*

This action was brought to foreclose a mortgage made by the defendant Wolf to Daniel Heyman, now deceased, which was assigned to the plaintiff by Wolf himself who was the executor of Heyman's will. Upon the trial, testimony of Wolf as to personal transactions had with Heyman, the deceased mortgagee, tending to prove that the mortgage was fraudulent and without consideration, was offered by defendant Cormier, who had recovered a judgment against Wolf, after the giving and recording of the mortgage, but such testimony was excluded by the court as coming within the prohibition of section 829 of the Code of Civil Procedure.

*Held*, that the court did not err in so doing, as the judgment-creditor derived title through his judgment-debtor, within the meaning of that section.

*Taylor* v. *Meldrum* (6 Civil Pro., 235) followed.

The answer admitted the making and recording of the bond and mortgage, but denied that either was ever delivered. Upon the trial a certified copy of the mortgage, as recorded in the register's office, was put in evidence, but the bond was not produced.

*Held*, that sufficient proof of the delivery of the mortgage was furnished by showing that it had been placed on record; and that, in the absence of any other evidence on the subject, a delivery of the bond might be inferred from the fact that a mortgage was delivered referring to the bond as a valid and subsisting obligation.

*It seems*, that if the defense had been payment, the non-production of the bond, unexplained, would have been fatal to the plaintiff's case.

*Bergen* v. *Urbahn* (83 N. Y.; 49).

Appeal from a judgment of foreclosure, entered upon the trial of this action at a Special Term, and from an order denying a motion made for a new trial on a case and exceptions.

Hun—Vol. XLVI    37

*Thos. H. Rodman, Jr.*, for the appellants.

*Leopold Turk*, for the respondent.

BARTLETT, J.:

This action was brought to foreclose a mortgage made by Lob Wolf to Daniel Heyman, now deceased. Wolf himself was the executor of Heyman's will, and assigned the mortgage to the plaintiff herein. The appellant, Francis C. Cormier, is a judgment creditor of Lob Wolf, whose judgment, however, was recovered subsequently to the giving and recording of the mortgage. The defense upon which he chiefly relied at the trial was that the mortgage was fraudulent in its inception and without consideration, of which facts the plaintiffs had notice.

The proof failed to establish this defense, but the appellant complains that he was erroneously deprived of the benefit of certain evidence which would have tended to make out the alleged fraud, by the exclusion of the testimony of Lob Wolf as to personal transactions with Daniel Heyman, the deceased mortgagee, relating to the consideration for the mortgage. The trial court held that such testimony came within the prohibition of section 829 of the Code of Civil Procedure. The argument to the contrary, in behalf of the appealing creditor, is that he does not derive title through Wolf, but against Wolf and in hostility to him. In the case of *Taylor* v. *Meldrum* (6 Civ. Pro., 235), however, the General Term of the fourth department expressed the opinion that a judgment creditor derived title through his judgment debtor within the meaning of this section; and this view seems to us correct. It may well be that the creditor has some rights against third parties which would not be available to the debtor; but it is through or by means of the acts of the debtor that the appellant Cormier has any standing in the present litigation.

The answer admitted the making and recording of the bond and mortgage, but denied that either was ever delivered. A 'certified copy of the mortgage, as recorded in the register's office, was put in evidence, but the bond was not produced. If the defense had been payment, the non-production of the bond, unexplained, would have been fatal to the plaintiff's case. (*Bergen* v. *Urbahn*, 83 N. Y., 49.) Here, however, there was no such plea. The execution of

the bond and mortgage was expressly admitted, but the delivery of either instrument was denied. Sufficient proof of the delivery of the mortgage was furnished by showing that it had been placed on record; and, in the absence of any other evidence on the subject, we are inclined to think that a delivery of the bond may be inferred from the fact that a mortgage was delivered referring to the bond as a valid and subsisting obligation.

The judgment appealed from should be affirmed.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment affirmed.