HERMAN PASSAVANT and Others, Respondents, v. GEORGE S. BOWDOIN, Appellant, Impleaded with Others, Defendants.

*Assignment — parties to an action to set it aside — appointment of a receiver — bars further action by the creditors.*

A complaint alleged that plaintiffs were several judgment creditors of the firm of Halstead, Haines & Co.; that in July, 1884, the firm made an assignment to one Lewis May, in whose place one Goldberg was substituted in May, 1888; that the assignment directed a preferred payment to be made to the defendants, Drexel, Morgan & Co., which was made by May ; that the said assignment was intended to defraud creditors ; that the plaintiffs brought actions in which, in December, 1888, the assignment was adjudged to be fraudulent and was set aside, a receiver was appointed and plaintiffs' judgments were ordered to be paid ; that the receiver had not funds with which to pay ; that the preference to Drexel, Morgan & Co. was in excess of the real indebtedness to them, and that the assignors, in collusion with them, intended to reserve the excess for their own benefit.

Judgment was demanded that the assignment be declared void as to plaintiffs ; that the preference to Drexel, Morgan & Co. be declared void as well as their judgment by confession upon which it was based ; that the plaintiffs have a personal judgment against Drexel, Morgan & Co. for the amount of the preference, and that the same be paid to plaintiffs

To this complaint a demurrer was interposed by one of the firm of Drexel, Morgan & Co., upon the ground, among others, that Goldberg had not been made a party.

*Held*, that Goldberg, the substituted assignee, was a necessary party.

·That if, as alleged, the assignment had once been set aside at the instance of plaintiffs and a receiver had been appointed, their present complaint seeking the same relief presented no cause of action.

That the appointment of the receiver vested in him the legal title to the property, and that the plaintiffs could not thereafter bring an action to set aside the assignment and to compel the preferred creditors to account for the money received by them under the assignment.

APPEAL by the defendant, George S. Bowdoin, impleaded with others (the firm of Halstead, Haines & Co., and the firm of Drexel, Morgan & Co.), from an order overruling his demurrer and from an interlocutory judgment, entered thereon in the clerk's office of the county of New York, on the 3d day of March, 1891.

*C. E. Tracy*, for the appellant.

*J. J. Adams*, for the respondents.

VAN BRUNT, P. J.:

The complaint alleges the recovery of separate judgments against the late firm of Halstead, Haines & Co., and the issuance and return of executions unsatisfied; and that the debts for which the judgments were recovered existed prior to the 12th of July, 1884, upon which day the said firm of Halstead, Haines & Co. made an assignment for the benefit of their creditors to one Lewis May, who accepted the trust; and that in May, 1888, one Samuel Goldberg was duly substituted as assignee in place of Lewis May; that by the terms of the general assignment said assignee was directed to pay a large number of preferred debts, amongst which was a large claim of the defendants composing the firm of Drexel, Morgan & Co., amounting to the sum of $32,500; that said assignee, May, under and by virtue of the assignment, paid to the defendants said sum of $32,500, directed by the assignment, out of the proceeds of the property.

The complaint further alleged that the said assignment was made by the firm of Halstead, Haines & Co. with intent to hinder, delay and defraud creditors; and that after the return of the plaintiffs' executions unsatisfied, as aforesaid, actions were immediately thereafter commenced by them in the Supreme Court against the said firm of Halstead, Haines & Co. and their assignee, May, to set aside the said general assignment, and that in said actions, which were

duly tried, decrees were duly recovered and entered by the plaintiffs in December, 1888, setting aside the said general assignment as having been made with intent to hinder, delay and defraud said creditors; and that in and by said decree a receiver was appointed and it was decreed that out of the moneys and property belonging to said firm of Halstead, Haines & Co., which came into the hands of said receiver, the plaintiffs' judgments, with interest and costs, was to be paid; that said decree is in full force and effect; but, by reason of other and prior liens created by the filing of other bills of complaint to set aside said assignment by other creditors and decrees rendered thereon in favor of the plaintiffs, there are not sufficient funds in the hands of such receiver with which to pay the plaintiffs' judgments.

And the complaint further alleges that the plaintiffs, by virtue of said decree, are entitled to recover from the defendants, the firm of Drexel, Morgan & Co., the amount received by them under the preference in said assignment, and to have such money applied in satisfaction of the plaintiffs' judgments set forth herein and mentioned in said decree.

The complaint further alleges that Halstead, Haines & Co. colluded with the preferred creditors, including the firm of Drexel, Morgan & Co., whereby said preferred creditors obtained judgment for their alleged claim; and that said Halstead, Haines & Co. were not at any time indebted to Drexel, Morgan & Co. in the sum of $32,500; that the actual amount due was about $25,000; and that the object and design of the defendant assignors in preferring in said assignment the said Drexel, Morgan & Co for the sum of $32,500, and of the defendants in receiving payment of the same, was to reserve for the use and benefit of the assignors out of said assigned estate the excess over and above what was justly due to the said defendants in fraud of the non-preferred creditors, including these plaintiffs. And judgment was demanded, first, that the assignment be declared fraudulent and void as against these plaintiffs; and that the payment of such preference to the defendants Drexel, Morgan & Co. be adjudged null and void; and that the judgment of said Drexel, Morgan & Co. be adjudged null and void; and that plaintiffs have a personal judgment against them for the amount of said judgment; and that Drexel, Morgan & Co. be

directed to pay over to the plaintiffs, or to their attorney, the amount of their preference, together with interest thereon to the date of the commencement of this action.

The defendants demurred to the complaint upon the ground that the plaintiffs have no legal capacity to sue, in that it appears that one Samuel Goldberg was, before the commencement of this action, duly appointed assignee and had duly qualified and taken possession of said property as such assignee; and that the plaintiffs had no legal capacity because of the appointment of the receiver; and upon the ground of the misjoinder of parties plaintiff in that all the plaintiffs have not a united interest; on the ground of defect of parties in that neither the plaintiff nor the receiver are made parties, and on the ground of misjoinder of causes of action and that the complaint does not state facts sufficient to constitute a cause of action. It seems to be clear that there is a defect of parties. The plaintiffs seek to have a decree declaring the assignment void. The assignee or substituted assignee are necessary parties to such an action. It is claimed, however, that neither the assignee nor the substituted assignee are necessary parties, because they have already a judgment declaring the assignment void. But even if that is the fact, the substituted assignee has the right to contradict that allegation, and it is possible he may be able to prove that they have no such judgment.

But if the plaintiffs have such a judgment, then they cannot bring this action based upon the same judgments which formed the basis of that decree to again have the assignment set aside. And as far as their complaint is concerned, seeking to get a decree setting aside this assignment, upon its face it establishes no cause of action, it appearing that they have thereby obtained such relief on behalf of the very judgments upon which this action is based. It further appears that for the protection of this very judgment, in the action in which the decree was entered, declaring this assignment to be null and void, they have had a receiver appointed of all the assigned estate.

Our attention has not been called to any principle by which a judgment creditor, after having set aside an assignment upon the ground of fraud, can maintain an action as such judgment creditor for the purpose of collecting the assets belonging to the estate, a receiver thereof upon behalf of such judgment creditor having been

appointed. It is claimed that the receiver appointed in the plaintiffs' former action was appointed simply for the purpose of securing satisfaction of the plaintiffs' judgment out of such funds as remained in his hands as receiver in former suits.

We fail to find any allegation in the complaint limiting the appointment of the receiver in the manner stated. Such receiver was undoubtedly appointed of the assigned estate, not only of the money in hand, but of the assets of the estate which he might reduce to possession. Many authorities are cited by the learned counsel for the respondents to show that a receiver does not take the legal title to the property of which he is appointed receiver, but it will be found, upon examination, that all those cases are adjudications respecting the powers of receivers appointed *pendente lite*, mere custodians of the estate until the decree, and not receivers appointed by a final decree who are to collect the estate, reduce the same to possession and out of the funds thus received pay the judgment in the action in which the receiver was appointed.

Attention is called also to the case of *Gere* v. *Dibble* (17 How., 31); *Porter* v. *Williams* (9 N. Y., 142); and *Bennett* v. *McGuire* (5 Lans., 187), which established the proposition that it had not up to that time been held that a judgment creditor could not maintain an action to set aside a fraudulent assignment after the appointment of a receiver in another action. These cases have no application to the case at bar. The receiver in question has been appointed for the protection of the very judgment which forms the basis of this suit. As has already been shown, these plaintiffs cannot maintain this action to set aside the assignment, because they have already a decree to that effect, and a receiver appointed in that action.

While it may be true that in an action to set aside an assignment judgment may be included against fraudulent preference creditors for the recoupment of the amount collected upon their preference, yet after a receiver has been appointed in an action to set aside the assignment, who has been clothed with the title to all the assets of the estate, and with the authority to collect such assets by the very nature of his appointment, it is difficult to see how the creditor upon whose behalf the receiver has been appointed can intervene and seize upon some part of the estate. As already stated, he cannot maintain an action to set aside the assignment, because that

is already done, and under the guise of an action to set aside the assignment he is seeking to seize upon the assets of the firm of which a receiver has been appointed.

I think, therefore, that the demurrer was well taken and that the judgment should be reversed, with costs in this court and in the court below, with leave to the plaintiffs to amend upon payment of the costs of appeal and of demurrer.

DANIELS, J., concurred.

Judgment reversed, with costs in this court and in the court below, with leave to the plaintiffs to amend upon payment of the costs of appeal and of demurrer.