KATHARINE A. ANDERSON, Individually and as Executrix, etc., Respondent, v. WEEKS W. CULVER et al., Appellants.

Where, in an action to foreclose a mortgage, the complaint alleges the making, execution and delivery of a bond as security for the payment of which the mortgage was given, and these averments are admitted by the answer and payment is set up as a defense, the failure of plaintiff to produce the bond, although unexplained, does not entitle defendant to a dismissal of the complaint.

Neither is possession of the bond by defendant conclusive evidence of payment.

Where, therefore, in such an action the bond was produced by defendant, but the circumstances surrounding the possession as disclosed, were such as to excite a suspicion as to the *bona fides* of such possession, and to rebut the presumption of payment arising therefrom, *held*, that a finding of non-payment was justified.

*Bergen* v. *Urbahn* (83 N. Y. 49), distinguished.

(Argued June 5, 1891; decided June 23, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made June 28, 1889, which affirmed a judgment in favor of plaintiff entered upon an order of Special Term confirming the report of a referee.

This was an action for the foreclosure of a mortgage.

The facts, so far as material, are stated in the opinion.

*Alfred Jaretski* for appellants. Plaintiff having introduced no testimony and not having produced the bond referred to in the mortgage, or explained its non-production, defendants' motion for a dismissal of the complaint should have been granted. (*Bergen* v. *Urbahn*, 83 N. Y. 49 ; *Jackson* v. *Willard*, 4 Johns. 43; *Langdon* v. *Buel*, 9 Wend. 80; *Merritt* v. *Bartholick*, 36 N. Y. 44 ; Wiltsie on Mort. Fore. § 412 ; *Smith* v. *Smith*, 15 N. H. 64; *Munoz* v. *Wilson*, 111 N. Y. 295.) The possession by the defendants of the bond, and its production by them on the trial, was *prima facie* evidence of its payment, and in the absence of any other testimony

was conclusive on this point. (2 Greenl. on Ev. § 527; *Garlock* v. *Goertner*, 7 Wend. 198; *Merritt* v. *Bartholick*, 36 N. Y. 44; Phillips on Ev. 192.)

*Joseph Laroque* for respondent. The burden of proof of payment rests on the defendants, who have the affirmative of that issue. (*Wolffe* v. *Nall*, 62 Ala. 24.) It may be conceded that, under certain circumstances, the possession of the note or bond by the maker, or by those who are under obligation to pay the same, is presumptive evidence of payment. But this presumption is one of fact and not of law, and may be rebutted, either by direct proof or by circumstances. (2 Greenl. on Ev. § 527; *Levy* v. *Merrill*, 52 How. Pr. 360.)

PARKER, J. This appeal brings up for review a judgment of foreclosure and sale. The complaint averred the making, execution and delivery of a bond and mortgage by the defendant Culver to the plaintiff; a subsequent conveyance of the mortgaged premises by Culver to the defendants Thompson and Norris; their assumption of payment of the sum secured by the mortgage, and the omission of defendants to comply with the condition of payment.

The answers of the several defendants did not deny the allegations of the complaint respecting the execution and delivery of the bond and mortgage — indeed, that of Thompson and Norris expressly admitted the fact as averred — but alleged as a defense that the bond had been fully paid and satisfied. The case coming on for trial, plaintiff's counsel stated that the plaintiff only demanded interest from July 1, 1888, instead of January 1, 1886, as claimed in the complaint, and rested. A motion was thereupon made to dismiss the complaint, and the exception taken to the denial of that motion is assigned for error on this review. In support of such contention, the appellant cites *Bergen* v. *Urbahn* (83 N. Y. 49), which he asserts is an authority for the proposition that where a plaintiff in an action of foreclosure fails to produce the bond referred to in the mortgage or to explain its non-production,

no recovery can be had. An examination of the record in that case, however, discloses that the court neither intended to nor did encroach on the rule that a plaintiff need not give evidence of a fact alleged in his pleading and admitted in that of his adversary, and it is not, therefore, applicable here.

In *Bergen's* case, the answer distinctly put in issue all allegations in the complaint relating to the bond; and the plaintiff was thus burdened with the necessity of establishing by evidence that the bond described in his pleading had been made, executed and delivered. This he did not do, and it was in a discussion of the question presented by such omission that this court said that the non-production of the bond referred to in the mortgage is evidence of the non-existence or discharge of the mortgage debt, and when unexplained is conclusive against the plaintiff's right to recover.

To establish the defense of payment, one of the defendants' attorneys produced and put in evidence the bond which he testified he first saw after the commencement of the action, when with the complaint it was delivered to him by one of the defendants. No further evidence respecting the time when, or the circumstances under which, it came into the defendants' possession was given. When produced, the bond consisted of a front sheet and a back sheet of paper of different quality, held together by a third piece, and its possession by the defendants at the time of the trial was wholly relied on by the defendant as proof of payment. No evidence was offered by the plaintiff and judgment was rendered in his favor. Appellant insists that this was error because it having appeared on the trial that the defendants had the possession of the bond, a finding of payment was required. Possession of the bond by the defendants was evidence of payment, but it was not conclusive. It was some evidence, because the bond was in the hands of a party chargeable with its payment and overdue, and presumably the possession was legal. (*Price* v. *Brown*, 98 N. Y. 393.)

But the referee having correctly in mind, as appears from his opinion, the force and effect which should be given such

evidence standing alone, nevertheless took the view that the presumption of payment, which ordinarily arises from the possession of an overdue evidence of debt in the hands of the obligor, should not obtain in this case because the circumstances surrounding the possession not only excite a suspicion that the possession was not *bona fide,* but rebut the presumption arising therefrom, and found as a fact that the bond had not been paid.    The circumstances which, in part at least, induced the findings were the production of the bond without the mortgage ; the omission to offer in evidence a satisfaction piece, or to account for its absence, or that of the mortgage ; the absence of an indorsement of payment thereon ; the making of a motion to so amend the answer as to strike out so much of the allegation of payment as averred that it was made to the plaintiff, taken in connection with the absence of any oral explanation on the part of the defendants as to the person to whom payment was made, if not the plaintiff, and the mutilated appearance of the bond.

The General Term on its review, after a more extended discussion of the circumstances which it deemed of moment than this court would now be justified in making, reached the conclusion that the referee had correctly decided that the defendants had not paid the bond.

As the question thus determined was one of fact, it is controlling.

The judgment should be affirmed.

All concur.

Judgment affirmed.