*479 Let us take the case of a defendant’s express absolute promise to pay money.
No doubt a formal allegation of non-payment is usual. No doubt the question, “ has any part of it ever been paid,” is a usual part of the plaintiff’s examination as a witness. No doubt that if the promise be in writing—as for instance a promissory note—the production of it from plaintiff’s possession uncancelled, will fulfill the requirement for evidence of non-payment. See Gray v. Gray, 47 N. Y. 552; rev’g 2 Laws, 173, and Clift v. Moses, 112 N. Y. 426.
The question whether plaintiff must prove non-payment may "well be tested by taking the case of an action by or against the •estate of a decedent.
. Non-payment is usually a fact which can only be proved by a party. An agent who had entire charge of his principal’s payments •or receipts could give satisfactory evidence that a debt due to or from his principal had not been paid in the ordinary course of business. But even if the testimony of such an exclusive agent be •sufficient, yet non-payment could not be proved by an ordinary agent.
Usually when an executor or administrator sues on an oral or implied contract to pay the decedent, the only evidence he can give of non-payment is that he does not know and cannot learn of any payment. If this is competent and sufficient it is a departure from ordinary rules of evidence. See Carroll v. Deirnel, 95 N. Y. 252 ; Uline v. N. Y. Central R. Co., 14 Weekly Dig. 575.
When an executor or administrator is sued, the plaintiff is not competent to testify to non-payment.
The rule of the case in the text, then, applied in this large class of cases would, under present rules of evidence, work great hardship in many cases, while at the same tim.e it could exclude many unfounded claims against estates by requiring claimants to prove what frequently they cannot give any evidence of. It is true the statute providing for the presentation of sworn claims requires the affidavit to show that no payments, etc., have been made. But it has been held, I understand, that on a reference of such a claim when disputed the claimant does not fail by reason of inability to testify to non-payment.
I think the present usual practice may be fairly stated in saying that plaintiff always makes in pleading a formal allegation of nonpayment (which, however, is not issuable); that he comes to trial provided if practicable with some kind of evidence or apology ior evidence of non-payment, even if only a witness to swear that he *480 does not know of any payment; that if regular and competent evidence of non-payment is not produced, nevertheless evidence of an absolute, unconditional promise to pay, with nothing whatever to rebut the familiar presumption that a state of things shown once to exist is presumed to continue, is,—considering that to require proof of non-payment is requiring proof of a negative,—deemed sufficient to cast on defendant the burden of proof as to payment. It is noteworthy that the 2d division of the court of appeals held in Anderson v. Culver, 127 N. Y. 377, that no direct evidence of non-payment was necessary in foreclosure, even where defendant produced the bond from his own possession under a plea of payment.
I conclude that the true solution of the question lies in the following principles: A formal allegation of non-payment, if necessary, may be sufficiently proved by the presumption that an indebtedness shown to have existed continued; and is more clearly proved if the obligation is a written one, by producing it uncancelled. This presumption having been raised, cannot be rebutted by evidence of payment, nor of release, nor of any other new matter, unless such payment or other new matter has been pleaded.
The view which I believe has generally been held by the profession since McKyring v. Bull, is that if defendant is sued on his-own unqualified promise to pay express or implied, and overdue an allegation of non-payment is not technically essential. Andrews v. Moller, 37 Hun, 480. (Compare Turner v. Kouwenhoven, 100 N. Y. 115.) The burden is on defendant to prove payment. Eagan v. Kergill, 1 Dem. 464; Foote v. Valentine, 48 Hun, 475.
But if defendant is sued on a promise to pay in case another person does not, non-payment by that other must be alleged (Knapp v. Roche, 94 N. Y. 329) ; and in such case the allegation is put in issue by the general denial (lb., and Newton v. Gould, 14 State Rep. 397).
The case of Knapp v., Roche has been regarded as dispensing with defendant’s allegation of payment only in that class of cases, where non-páyment by a third person is a condition precedent, and the payment relied on is one made by such third person. Wemple v. McManus, 39 State Rep. 141 ; s. c., 15 N. Y. Supp. 8. In that class of cases it is clear that plaintiff must allege such nonpayment. In other cases, where the breach is defendant’s own promise to pay, the burden of proof as to payment cannot be upon both parties ; no direct evidence of non-payment is required, and if a formal allegation of nón-payment be essential, the omission of it ought to be regarded as a formal error amendable at the trial.