# Hershey v. New York & Cleveland Gas Coal Company, Appellant.

*Will—Devise—Life estate—Fee simple estate.*

Testator by his will directed as follows: "I give, devise and bequeath to my beloved wife the use and control of all our house, situate on the old homestead farm all the contents such as household goods of all kinds, also the orchard and vineyard and garden; also privilege to keep one or two cows and a horse on said farm, my son to furnish pasture, hay and feed for the same on said farm to have all the above described so long as she remains my widow, also to have ten sheep with the above. I give, devise and bequeath to my son, the farm known as the old homestead farm and all that appertains thereto his heirs and assigns forever (excepting what is devised to his mother during her life as above specified, at her death, to the same to be sold and money divided—equally five shares. . . ." *Held,* (1) that the clause in the will relating to a sale was meaningless and should be disregarded; and (2) that the son took an estate in fee simple in the land subject to the life estate or interest of the widow.

Argued Feb. 19, 1908. Appeal, No. 40, Oct. T., 1908, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1908, No. 658, for plaintiff on case stated in suit of Harry W. Hershey v. The New York & Cleveland Gas Coal Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Case stated to determine marketable title to real estate.

SHAFER, J., filed the following opinion:

The action is for the purchase money of coal which the plaintiff agreed to sell to the defendant and which defendant declines to pay for, because, it says, that the title of plaintiff to the coal is not a fee simple free of incumbrances. It is admitted that the coal and the land under which it lies belonged to John Hershey, deceased; that the title of the plaintiff depends upon a devise by John Hershey to him, the will of John Hershey being made a part of the case stated. The provisions of the will which relate to the land in question are as follows:

First, a provision for the wife of the testator in these words:

" I give, devise and bequeath to my beloved wife, Elizabeth Hershey, the use and control of all our house situate on the old homestead farm all the contents such as household goods of all kinds also the old orchard and vineyard garden ; also privilege to keep one or two cows and a horse on said farm my son Harry to furnish pasture, hay and feed for the same on said farm to have all the above described as long as she remains my widow."

A later clause of the will is as follows :

" I give, devise and bequeath to my son Harry Hershey the farm known as the Old Homestead Farm and all that pertains thereto his heirs and assigns forever (excepting what is devised to his mother during her life as above specified, at her death, to the same to be sold and money divided—equally 5 shares."

The original will, being made a part of the case stated, as we understand it, was exhibited to the court by counsel, and by an inspection of it, it appears that the word, " to," before the words, " the same," is written over the line, the words, " to have," being crossed out under it, and the words, " to be," after the word, " same;" were inserted after the succeeding words were written, and the words, " equally 5 shares," are also inserted above the line.

The coal in question is part of the homestead farm. It does not appear from the case stated whether the widow of John Hershey is living or not, but it is agreed that the matter shall be decided without reference to her life estate, if she has any, in the garden, orchard and vineyard, which puts the case, as we understand it, as if the widow were now dead.

It is claimed by defendant that the words, " at her death to the same to be sold and money divided," may apply to the farm itself, and amount to a devise of the farm to the plaintiff in fee as a trust to sell it and divide it into five shares. We are unable to see that the clause can have any such meaning. It seems to us that the clause as it stands is entirely meaningless, although we have no doubt that the scrivener, after properly enough excepting from the devise to Harry what had already been given to the widow, tried to insert a direction as to what was to be done with the property so excepted, which could only refer to the household furniture which she had been given for

life, and which the scrivener no doubt meant by the words, " all that pertains," to the old homestead.   The will having by express words given a fee to Harry in the farm, subject to the life estate or interest of the widow, and no other disposition of the farm being made, and the will containing no residuary clause, we are clearly of opinion that there is nothing in the clause in question to cut down the estate in fee in any way, or to impress it with any trust.   Being of opinion, therefore, that so far as appears by the case stated the plaintiff has a good title in fee simple, it is ordered that judgment be entered for plaintiff according to the agreement of the parties for $1,505, with interest from February 21, 1907.

The court entered judgment for plaintiff for $1,505 on case stated.

*Error assigned* was in entering judgment for plaintiff on case stated.

*Wm. E. Schoyer*, with him *Lyon, Hunter & Burke*, for appellant.

*Alfred M. Lee*, for appellee.

PER CURIAM, April 20, 1908:
The judgment is affirmed on the opinion of the court below.