(159 App. Div. 637)

### ALVERSON v. MARSHALL.

(Supreme Court, Appellate Division, Fourth Department. December 23, 1913.)

BONDS (§ 132*)—ACTION—NECESSITY OF PRODUCING MORTGAGE.

Plaintiff, suing upon a bond secured by a mortgage of real estate, who produced the mortgage, but did not produce the bond or satisfactorily account for its nonproduction, or show any effort to obtain possession of it from his attorney who had had it in a former action, was not entitled to judgment on the bond or a deficiency judgment against the mortgagor, since non constat the bond had been transferred to another party, who would then be entitled to the possession of the mortgage security.

[Ed. Note.—For other cases, see Bonds, Cent. Dig. §§ 233–237; Dec. Dig. § 132.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Livingston County Court.

Action by Frank J. Alverson against Caroline Marshall, continued after her death against William Marshall, as administrator, etc. From a judgment for plaintiff, and from an order designating and authorizing nunc pro tunc a county judge of another county to hold a term in the county, defendant appeals. Reversed, and new trial granted.

Appeal by William Marshall, as the administrator, etc., of Caroline Marshall, deceased, from a judgment of the County Court of the County of Livingston entered January 2, 1913, in the office of the clerk of said county upon the decision of the county judge, who held said court, made after the trial of said action. An appeal is also taken from an order of the said court, entered December 31, 1912, in the office of said clerk which designated and authorized nunc pro tunc as of the 9th day of February, 1912, Hon. Almon W. Burrell, county judge of Steuben county to hold a term of the Livingston County Court, for the purpose of hearing the trial of this action. Appellant's intestate, Caroline Marshall, who was one of the defendants in said action, died after she had taken an appeal from said judgment and order; and appellant, as her administrator, was thereafter substituted as a party in her place and stead.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Willis A. Matson, of Rochester (Newton B. Gorham, of Dansville, on the brief), for appellant.

A. J. Hibbard, of Dansville, for respondent.

ROBSON, J. Plaintiff alleges in his complaint the making, execution, and delivery to him by Caroline Marshall, appellant's intestate, of a bond, with a mortgage upon real estate therein described as collateral thereto, conditioned for the payment of the sum of $250, with interest, at the time and manner therein alleged, and default in such payment. The demand for judgment is in the usual form, including a demand for judgment against the defendant, Caroline Marshall, for any deficiency that may remain after due application of the proceeds of the sale of the property described in the mortgage. The validity of both the bond and the mortgage as security for the payment of any sum whatever was sufficiently put in issue by the answer of the defendant, Caroline Marshall.

The court has found, among other things, that the bond and mortgage were both duly executed and delivered by Mrs. Marshall to the plaintiff, and that the whole amount the payment of which was thereby secured is due and unpaid. As conclusion of law it is found:

"That the plaintiff is entitled to judgment herein granting him all the relief demanded in the complaint, and for the sum of $375.58 due upon said bond and mortgage for principal, interest, and insurance, together with the costs and disbursements of this action to be taxed."

Judgment in accordance therewith was also directed, which was thereupon entered.

On the trial plaintiff testified that Mrs. Marshall executed both the bond and mortgage described in the complaint, but he produced and put in evidence only the mortgage. By the terms of the mortgage it appears, as it is also alleged in the complaint, that the bond was the principal security and the mortgage only collateral thereto. When

these facts appear, it seems to be necessary for the person claiming under the security either to produce the bond, or to satisfactorily account for its nonproduction. Bergen v. Urbahn, 83 N. Y. 49. The substantial and sufficient reason for this rule is stated by Ruger, C. J., in Munoz v. Wilson, 111 N. Y. 295, 301, 18 N. E. 855, 857, as follows:

"The theory upon which this is required is that the possession of the collateral security alone furnishes no conclusive evidence of the ownership of the debt secured thereby, as it is a mere incident of the bond, and, non constat, the bond may have been transferred to another party, who, in that event, would be entitled to the possession of the collateral security. Merritt v. Bartholick, 36 N. Y. 44; Langdon v. Buel, 9 Wend. 80."

In that case it was held, however, that the application of the rule failed solely because it appeared that no bond had been given by the mortgagor, though the mortgage recited that one had been given. See, also, Syracuse Savings Bank v. Merrick, 182 N. Y. 387, 75 N. E. 232.

On the trial of the case now before us, not only did plaintiff fail to produce the bond, which he alleged in his complaint, but he did not in any way account satisfactorily for its nonproduction. The only explanation offered to excuse such failure was, as he testified, that he did not then have it in his possession; that he had not seen it for some years; that the last time he saw it was some years ago when he delivered it with the mortgage to his attorney in an earlier action to which both he and the defendant Mrs. Marshall were parties. It does not appear that he at any time since the alleged delivery to his attorney had made the slightest effort to discover it, or had even asked his attorney if it was still in his possession. We think, under the circumstances of this case, plaintiff should have given, and was required to give, some further proof explaining the nonproduction of the bond; and that he was still the owner of it. For this reason the judgment should be reversed, with costs to appellant to abide event.

This disposition of the case makes it unnecessary to consider the appeal from the order designating the county judge of Steuben county to hold a term of the Livingston County Court for the trial of this action. All concur.