KESSLER, Respondent, vs. REESE, Appellant.

*February 8—March 14, 1922.*

*Lost instruments: Payment: Presumption: Burden of proof.*

In an action against a surety on a lost note, where the provisions
of secs. 4190 and 4191, Stats., were complied with, and the
answer of the defendant admitted that the note was lost,
the burden of establishing the defense of payment was upon
the defendant, the same as if the note had in fact been
produced.

APPEAL from a judgment of the circuit court for Iowa
county: L. H. BANCROFT, Circuit Judge.    *Affirmed.*

Promissory note.    The complaint alleges that the de-
fendants, in renewal of a prior note, made and delivered to
the plaintiff their promissory note whereby they promised
to pay to the order of the plaintiff, on or before April 6,
1914, the sum of $500 with interest thereon at the rate of
six per cent. per annum payable annually; that the interest
on said note was paid to April 6, 1914, but that no part of
the principal has been paid; that no proceedings have been
had for the collection of said note; and that the plaintiff
is now the lawful owner and holder thereof.

It is further alleged that in the month of August, 1914,
one of the defendants, *Elmo B. Reese,* requested the plaint-

iff to leave with him for safe keeping several securities, including the note executed by the defendants to plaintiff; that some time thereafter she demanded the return of said securities; that the said *Elmo B. Reese* gave her a package of papers, and thereafter she missed the note executed by the defendants; that the plaintiff has made diligent search for the note but is unable to find it, and that the said note is lost.        That the plaintiff has never sold, assigned, or transferred the note to any one, and that no person has any right or title thereto, and that there was owing thereon the principal sum of $500 with interest at six per cent. per annum from April 6, 1914.

The defendant James T. Reese was not served and did not appear.

The defendant *Elmo B. Reese,* for answer to the plaintiff's complaint, denied each and every allegation in the complaint contained except as specifically admitted.        The defendant admitted that on November 22, 1906, he signed a note as security for the defendant James T. Reese, payable to the plaintiff two years from said date, for the sum of $500.        The defendant further admitted that after said note fell due he signed a renewal thereof as security for James T. Reese, such renewal note being for the sum of $500 with interest at six per cent., due April 6, 1914, which last mentioned note was accepted by the plaintiff in lieu of and in payment of the note first above described.        Defendant further admitted that no proceedings have been had for the collection of the last described note.

The defendant admitted that in the month of August, 1914, the plaintiff left in his safe a package, denies that he had any knowledge of the contents thereof, and that the plaintiff thereafter called for the said package and it was returned to her, unopened, in the same condition in which it was received.

For a second defense *Elmo B. Reese* alleged that he was informed on or about April 6, 1914, that the said note for

$500 had been fully paid, and the answering defendant further alleged payment of said note by James T. Reese on the 6th day of April, with further allegations as to subsequent transactions, and an allegation that by reason of the failure of the plaintiff in collecting or attempting to collect the said note, and permitting the defendant *Elmo B. Reese* to remain in ignorance of her claim, he is no longer in a position to protect himself from loss as he would have been had reasonable notice been given by the plaintiff.

Upon the trial the jury found a general verdict in favor of the plaintiff, and assessed her damages at the sum of $500 with interest thereon at six per cent. per annum from April 6, 1914. The defendant moved to set aside the verdict and for a new trial on account of errors committed by the court in his instructions to the jury, and because the verdict of the jury was contrary to the law and evidence. Judgment was entered accordingly, from which the defendant *Elmo B. Reese* appeals.

*M. J. Briggs* of Dodgeville, for the appellant.

For the respondent there was a brief by *Fiedler, Fiedler & Jackson* of Mineral Point, and oral argument by *R. T. Jackson.*

Rosenberry, J. The defendant complains of the following instruction: "In this case the defendant, in order to sustain the issue upon his part, must convince the jury by a preponderance of the evidence that the note has been paid." It is urged on behalf of the defendant that the burden of proving by a preponderance of the evidence that the note was in fact lost, and of rebutting the presumption that the note had been paid, which arises from its nonproduction, was upon the plaintiff. Citing *Bergen v. Urbahn,* 83 N. Y. 49; *Ward v. Munson,* 105 Mich. 647, 63 N. W. 498.

The infirmity of the argument made by the defendant consists in this: that by the allegations of the answer the

loss of the note is admitted and consequently there was no burden upon the plaintiff under the pleadings to establish that fact by a preponderance of the evidence. In the cases cited and relied upon by the defendant there was a failure to produce the negotiable instruments, and no evidence was offered that they were lost or that search had been made therefor, and an entire failure to account for the loss. Those cases are clearly distinguishable from this. Here the loss of the note was alleged in the plaintiff's complaint, which allegation was specifically admitted by the answer.

By the terms of sec. 4190, Stats., upon proof of a lost instrument under the circumstances there described, the party making proof "shall be entitled to recover the amount due thereon as if such note or bill had been produced." The bond required by sec. 4191 was in this case given, and the provisions of sec. 4190 were complied with. The right of the plaintiff to recover was therefore complete unless payment of the note was shown by the defendant. Under familiar rules the burden of establishing payment was upon the defendant.

The defendant argues at considerable length that the evidence is insufficient to sustain the verdict. We have carefully reviewed the evidence and shall not attempt to set it out at length, but are of the opinion that a jury issue was presented.

*By the Court.*—Judgment affirmed.