Argued November 15, 1929; affirmed January 21, 1930

O. L. DENCER, Executor, *v.* GEORGE W. JORY

(284 Pac. 163)

For appellant there was a brief over the names of *Messrs. Keyes & Page,* and *Messrs. Carson & Carson* with oral arguments by *Mr. E. M. Page* and *Mr. John H. Carson.*

For respondent there was a brief and oral argument by *Mr. W. C. Winslow.*

BELT, J. Plaintiff, as executor of the estate of Sarah A. Jory, deceased, alleges that the defendant on the 8th day of March, 1923, for value received, executed and delivered a promissory note payable to the decedent, Sarah A. Jory, in the sum of $240. Defendant answered, admitting the execution and delivery of the note, but alleging that, on the 8th day of March, 1924, the full amount due thereon was paid.

For a second cause of action plaintiff alleges that Sarah A. Jory, during the years of 1921 and 1922, advanced to her husband, the defendant herein, for his use and benefit and at his special instance and request, various sums amounting in the aggregate to $223.40. To this cause of action the defendant answered, admitting that his wife advanced to him and for his account the sum of $65, but that thereafter he fully paid and satisfied such claim.

For a third cause of action, plaintiff alleged in substance that the defendant converted to his own use and benefit certain personal property belonging to the decedent, of the reasonable value of $240, and that he refused to deliver possession of same although demand was made upon him so to do. Defendant in his answer denied this charge of conversion.

Plaintiff having replied to the affirmative matter alleged by the defendant, the cause was submitted to a jury and a verdict returned in favor of plaintiff; on the first cause of action $240 and interest, together with attorney fees in the sum of $50; on the second cause of action in the sum of $65; and on the third cause of action for $150. From the judgment entered thereon defendant appeals.

In view of the issues under the pleadings, the plaintiff offered no testimony relative to the first cause of action other than that pertaining to the relationship of the parties and that the note was last seen in the possession of the defendant after his wife's death which occurred in 1927. Plaintiff relied upon the defendant's admission of the execution and delivery of the note and that the burden of proof relative to payment rested on the defendant: *Farmers' National Bank v. Hunter,* 35 Or. 188 (57 P. 424). Defendant did not testify nor offer the note in evidence. He based his defense to this cause of action upon the probative force and effect of the presumption of payment that arises where the note is in possession of the debtor, and secondly upon the proposition that the complaint failed to allege a cause of action. This defense was highly technical. Although in a position to throw light upon the vital issue of payment, defendant preferred to remain mute before the law. His wife's lips were sealed in death.

How did defendant come into possession of this note? He did not care to explain. Were there any marks or endorsements on the note indicating payment? The record is silent. Will the presumption upon which defendant relies, in the light of the record, sustain the defense of payment? Turning to the statute we find it is a disputable presumption "that an obligation delivered up to the debtor has been paid"

(subd. 9, § 799, O. L.) and "that things in the possession of a person are owned by him." (Subd. 11, § 799, O. L.) That these statutory provisions are but declarations of the general common rule there can be no doubt. What is a reasonable basis for the presumption which defendant would invoke in this case? In 22 C. J. 82, it is said:

"A presumption is * * * an inference which common sense, enlightened by human knowledge and experience, draws from the connection, relation, and coincidence of facts and circumstances with each other."

Defendant and the decedent were living together as husband and wife at the time of her death. It is reasonable to infer that he had access to her property. Indeed, in the third cause of action it was charged, and the jury so found, that he had converted to his own use certain personal property belonging to her. There is no evidence that defendant had possession of the note during her lifetime. When did she surrender the evidence of his indebtedness? We are left to conjecture and speculation. His possession is as consistent with nonpayment as with payment. In the light of the facts and circumstances in this case, there is slight reason to permit defendant to have the benefit of the presumption of payment or ownership, particularly so in view of subdivision 7 of section 868, O. L., which provides:

"That if weaker and less satisfactory evidence is offered when it appears that stronger and more satisfactory was within the power of the party, the evidence offered should be viewed with distrust."

*Anderson v. Culver et al.*, 127 N. Y. 377 (28 N. E. 32), was a suit to foreclose a mortgage, the execution and delivery of which was admitted. Payment was alleged as a defense. Plaintiff having offered no evi-

dence defendant moved to have the cause dismissed since he was in possession of the bond and therefore entitled to presumption of payment. The court held that the motion was properly denied as the general rule relative to presumption of payment had no application in view of the facts and circumstances surrounding the possession. A finding that the note had not been paid was affirmed.

*Grimes v. Hilliary,* 150 Ill. 141 (36 N. E. 977), was an action by the administrator of an estate to recover for money loaned by a father to his son as evidenced by certain promissory notes. The payee of the notes lived with the defendant for about a year before his death. The notes were in possession of the father, kept by him with other papers in a valise or small trunk. After the death of the father the notes in question were found in possession of defendant, who, it appears, had access to the trunk. It was held that the general rule did not obtain, citing, among other authorities, Lawson on Presumptive Evidence 355, where it is said:

"The presumption (referring to the general rule) does not arise where the debtor had the means of obtaining possession of or of canceling the obligation other than by paying it."

The court in the Grimes case said:

"Ordinarily the owner of a note retains it until it is paid. Hence, where it is found in the possession of the maker, the presumption of payment arises. But where the maker has access to the papers of the holder, and may have acquired the note as well without payment as with, the presumption of payment does not arise. There is no presumption prejudicial to the maker from the possession, simply, for the reason that the presumption of innocence would repel it. There is simply no presumption that the note is, or is not, paid, leaving the party having the affirmative upon that issue to establish the fact of payment."

In *Grey v. Grey,* 47 N. Y. 552, a father held the note of his son for $425. On the father's death his representative sued on the note, but the son produced it as canceled. The evidence disclosed that the son had means of access to his father's papers. It was held that there was no presumption that the note had been paid.

In speaking of the rule that ordinarily a presumption of payment arises when the debtor has possession of the note or obligation, the court in *Erhart v. Dietrich,* 118 Mo. 418 (24 S. W. 188), said:

"But when the debtor had the means of obtaining possession of, or of canceling, the obligation other than by paying it, no such presumption arises."

In keeping with the same holding also see *Mynes v. Mynes,* 47 W. Va. 681 (35 S. E. 935); *Clymer v. Groff,* 220 Pa. St. 580 (69 A. 1046); *Crocker v. Thompson,* 44 Mass. 224.

While it might well be argued that the facts in the instant case do not conclusively refute a presumption of possession, the evidence, in our opinion, warranted the court in submitting to the jury the issue of payment. Defendant has no cause to complain in that regard.

██ Defendant also urges that it does not appear from the complaint that plaintiff was the owner and holder of the note in question. We see no merit in this contention. It is admitted in the pleadings that plaintiff was the "duly appointed, qualified and acting executor of the estate of Sarah A. Jory, deceased." It is well settled in this jurisdiction that title to personal property of the decedent is vested in the executor or administrator of the estate: *Mahon v. Harney County National Bank,* 104 Or. 323 (206 P. 224), and cases

therein cited. It was not incumbent upon plaintiff to produce the note, in view of the admission that it was in defendant's possession: 8 C. J. 1058.

■ Relative to the second cause of action, we think it was proper to submit the same to the jury in view of defendant's admission that the sum of $65 had been advanced by the decedent to him for his use and benefit. At the conclusion of plaintiff's case, the defendant withdrew his affirmative answer to the second cause of action. Counsel for plaintiff thereupon secured permission of the court to reopen the case and introduced in evidence, as a declaration against the interests of the defendant, that portion of the withdrawn pleading relative to the advancement of $65 as above stated.

■ ■ We are also of the opinion that there was evidence tending to support the allegations of the complaint relative to the third cause of action. The personal property alleged to have been converted by the defendant was identified as property of the decedent by witnesses who testified that they went to the home of their mother immediately following her death and there observed the property in question. A few days later the executor called at defendant's home and this property, consisting of rugs, silverware, cooking utensils, bed linen, and other property of a similar nature, had disappeared. The defendant refused to surrender possession of same on demand and failed to offer any explanation as to what had become of it. There are other facts and circumstances surrounding this alleged conversion, but we think it unnecessary to recite them. It is well settled that conversion may be established by indirect evidence.

Finding no error in the record, the judgment of the lower court is affirmed. AFFIRMED.

CoSHOW, C. J., and BEAN and ROSSMAN, JJ., concur.