1829.

Coutant
v.
Schuyler.

[*316]

---

COUTANT *v.* SCHUYLER AND OTHERS.

A promissory note or a bond is a proper subject of a gift, *causa mortis;* and the delivery may be to a third person for the use of the intended donee.
But claims of this kind are admitted with great caution; and where some doubt was thrown on the transaction, a feigned issue was awarded.

THE bill in this cause was filed against the administrators of W. Reynolds, deceased, and David Marsh, to recover the amount of a promissory note given by the latter to Reynolds, and which the complainant alleged was given by the intestate, in his last sickness, to Marsh, to be delivered *to* her as a gift, *causa mortis.*

January 20th.

The questions raised on the argument of the cause were:

1. Whether a promissory note was a proper subject of such gift:

1829.

Coutant
v.
Schuyler.

2. Whether it was in fact ever delivered for that purpose:

3. Whether the intestate was of sound and disposing mind and memory at the time he made such gift.

Much testimony was taken in relation to the two latter points. The amount of the note was paid into court by Marsh; and he was examined as a witness for the complainant. The cause was heard on pleadings and proofs.

*J. Smith*, for complainant:—A promissory note may be the subject of a gift, *causa mortis*. Even a promissory note payable to order and not indorsed, would now be a proper subject of a gift, *causa mortis*, and the donee might prosecute the note in the names of the executors or administrators of the donor. In this case, an indorsement was not necessary, as the note was delivered to the maker, who was made a trustee for the donee, and accepted the trust. The reasons for the decision, that a promissory note could not be the subject of *a donatio causa mortis* do not now exist. At the time this decision was first made in the English courts, the statute of Ann had not been passed, making notes and bills of exchange negotiable. At that time, also, choses in action were not assignable. Now, choses in action are assignable, and the mere delivery of a bond or note amounts to a valid assignment. Both these alterations in the law having since been made, the reason of the rule, that a promissory note could not be the subject of a gift *causa mortis*, having ceased, the rule itself ought to cease. (*Jones* v. *Selden*, Prec. in Chan. 300, year 1710; *Drury* v. *Smith*, 1 Pr. Wms. 404, in 1717; *Lawson* v. *Lawton*, 1 Pr. Wms. 409, in 1718; *Miller* v. *Miller*, 3 Pr. Wms. 366, in 1735; 2 Bridg. Index, 229; (Am. ed.) *Wright* v. *Wright*, 1 Cowen, 598; *Snellgrove* v. *Bailey*, 3 Atk. 214, in 1744; *Wells* v. *Tucker*, 3 Binney, 366; Cowen's Treatise, 35; *Canfield* v. *Monger*, 12 John. 346; *Martin* v. *Hawks*, 15 John. 405. The gift of a bond *causa mortis*, has been held to be valid. (*Gardener* v. *Parker*, 3 Mad. R. 184; *Ward* v. *Turner*, 2

[*317]

Ves. sen. 442; 2 Kent. Com. 361, 2; 3 Term R. 153.) A note indorsed has been decided to be a proper subject of a gift, *causa mortis*. (2 Bridg. Index, 229, Am. ed.; *Wright* v. *Wright*, 1 Cowen, 598.) In this case the gift, if not valid as a *donatio causa mortis*, was good as an equitable assignment, having been made in performance of a previous promise of a settlement, in consideration of a marriage engagement. (Rob. on. Frauds, 137, 8.

*R. Bogradus*, for defendant:—In gifts *causa mortis*, the donor intends to give the moneys due, and not the mere evidences of debt. The thing intended to be given must be actually delivered. The delivery of the evidences of debt are not sufficient to sustain a *donatio causa mortis*. (2 Kent's Com. 342 and 4.) These gifts are dangerous, and are not to be encouraged. The result of the decisions are, that a chose in action cannot be the subject of a gift *causa mortis*; (*Tate* v. *Tate*, 2 Ves. jun. 116; *Miller* v. *Miller*, 3 Pr. Wms. 356; *Antrobus* v. *Smith*, 12 Ves. 39; Noyes' R. 67; *Cottine* v. *Miller*, 1 Mad. R. 176; *Pearsons* v. *Pearsons*, 7 John. R. 26; *Fink* v. *Cox*, 18 John. 145; *Hawkins* v. *Blewitt*, 2 Espinasse's *R. 663; *Noble* v. *Smith*, 2 John. 52; *Cooper* v. *Goodwin*, 1 Swan. 486; *Collins* v. *Plummer*, 1 Pr. Wms. 104; *Blount* v. *Burrow*, 1 Ves. jun. 548; *Ward* v. *Turner*, 2 Ves. sen. 442; *Tate* v. *Gilbert*, 2 Ves. jun. 111; *Bunn* v. *Markham*, (7 Taunt. 224.) A gift is not a contract, (2 Kent's Com. 352;) therefore the argument that choses in action are now assignable has no application. Here was only a promise to make a gift, which is not binding. (7 John. 26.) The note was obtained from the testator by undue influence. The gift is therefore void for that reason; (*Morse* v. *Royal*, 12 Ves. 372; *Parcell* v. *McNamard*, 14 Ves. 92; *Wright* v. *Proud*, 13 Ves. 136.) Also, the testator was not possessed of a sound mind and memory at the time he made the gift in question.

THE CHANCELLOR:—The first question which arises in

*1829.*

*Coutant*
v.
*Schuyler.*

[*318]

1829.

Coutant
v.
Schuyler.

this case is, whether the note of a third person is a proper subject of a gift *causa mortis*. Without taking the trouble to go through all the English cases on the question, whether a chose in action is the proper subject of such a gift, it is sufficient to say it has been decided there, that a promissory note was not a proper subject for such a gift, and that a bond was;[1] (*Miller* v. *Miller*, 1 Pr. Wms. 358; *Snellgrove* v. *Bailey*, 3 Atk. 214; *Gardner* v. *Parker*, 3 Mad. Rep. 184.) In the case of *Wells* v. *Tucker*, (3 Binney, 366,) the Supreme Court of Pennsylvania held the gift of a bond valid. And in our own state, in the case of *Wright* v. *Wright*, (1 Cowen, 598,)[2] it was held, that the testator's own note was a valid gift *causa mortis*.[3] Notwithstanding the attempts which have been made in England to distinguish between a promissory note and a bond, in relation to the validity of the gift of a chose in action, there cannot, in reason, be any difference. A gift of either is valid as a symbolical delivery of the debt due on the note or bond, and all the delivery of which the subject is capable.

In *Wells* v. *Tucker*, it was also decided that a gift to a third person for the use of the intended donee was a valid gift. The complainant is entitled to the amount due on the note, if it was actually delivered by the intestate to Marsh for her *use, as alleged in the bill, provided Reynolds was of sound disposing mind and memory, and no improper advantage was taken of his situation.

[*319]

[1] Bond and mortgage will pass by a delivery *donatio causa mortis*. 1 Bligh, 597; *Duffield* v. *Hicks*, 1 Dow. N. S. 1. As to the requisites of a valid *donatio causa mortis*. See note to *Walter* v. *Hodge*, 2 Swanston, 106.

[2] This case is overruled. See *Craig* v. *Craig*, 3 Barb. Ch. 78; see *Harris* v. *Clark*, 3 Comst. 93. There held that; the executory promise of the donor; *i. e.*, his own draft on a third party, in favor of the donee, intended as a *donatio causa mortis*, is not valid.

[3] In Connecticut, it has been held, that the promissory note of a *third person*, though not payable to bearer, nor so indorsed as to transfer the legal title by delivery merely, may be the subject of a *donatio causa mortis*. *Brown* v. *Brown*, 18 Conn. 410; see also *Craig* v. *Craig*, 3 Barb. Ch. 78, 117, 118.

On this question the testimony is not perfectly satisfactory; and claims of this description must always be admitted with the greatest caution. I do not therefore think proper to dispose of this part of the case without giving the parties an opportunity to litigate the question of fact before a jury. I shall direct a feigned issue to be made up between the complainant and the administrators, and tried at the circuit in New York, unless both parties consent to have the trial in the Superior Court of that city, to ascertain whether the testator was of sound and disposing mind and memory, and did freely and voluntarily deliver the note in question to David Marsh, in his last sickness, and in contemplation of death, for the use of the complainant, as a gift to her, to take effect in case of his death; and either party is to be at liberty to examine the defendants Slocum and Marsh as witnesses on the trial of the said issue.