## EDWARDS *vs.* CAMPBELL.

Where the payee of a promissory note, a short time before her death, and while sick, delivered the note to her sister, with directions to her to hand it to the maker, in payment or on account of, his claims for boarding the payee and furnishing her with medicines; *Held* that this was a valid cancellation of the note.

*Held also*, that an action could not be maintained upon such note, by a third person, after the payee's death, without showing a title thereto, derived from the personal representatives of the payee.

APPEAL from a judgment of the Steuben county court, affirming a judgment of a justice of the peace. The action before the justice was brought upon a promissory note made by the defendant, payable to Margaret Campbell or bearer, for $20, dated September 15, 1852, and payable on or before the first of April next after its date. On the trial it appeared that

the payee of the note was married to John Brotsman, in October, 1852, and died at her husband's house, in February, 1854. About eight days before her death, she, being sick at the time, handed the note in question to her sister, Isabel Campbell, with directions to give it to the defendant, saying he had boarded her and been to trouble to get her medicines and he ought to have the note; for it would not be more than right for him to have it. Isabel took the note, put it in her pocket and kept it two days. She then changed her dress, and not having any pocket in the dress she put on, she put the note in her sister Margaret's trunk, and when she left Brotsman's she forgot the note. The defendant was a brother of the payee. Evidence was given tending to show that Margaret boarded with the defendant four or five months immediately before her marriage, a portion of which time she was out of health and had medicine and medical attendance, and that it was worth some $2.50 per week to board her. There was no evidence showing how the plaintiff came by the note, and the evidence disclosed nothing respecting it, after Isabel put it in her sister Margaret's trunk, until it was produced in court by the plaintiff. The justice rendered a judgment for the plaintiff, against the defendant, for $23.38, being the amount of the note and interest, besides costs, which was affirmed in the county court.

*J. W. Dinniny,* for the appellant.

*J. C. Smith,* for the respondent.

*By the Court,* WELLES, J. We incline to the opinion that the transaction proved, of the payee of the note, Mrs. Brotsman, delivering the note to her sister to hand to the defendant in payment or on account of his claims for boarding and taking care of her, was a valid cancellation of the note. If the note had been against another person, it would have been a good transfer of it to her brother, the defendant.

But independently of that view, we think the plaintiff failed to show a title in himself to the note. If it was not in judgment

of law canceled, it remained the property of Mrs. Brotsman at her death, and would go to her executor or administrator to be administered according to law as the property of Mrs. Brotsman. No one but her legal representative could transfer it to the plaintiff or any other person. It does not appear that any one has taken out letters of administration upon her estate, and therefore no presumption can be indulged that it has been transferred legally to the plaintiff.

The judgment of the county court and that of the justice should be reversed.

[Monroe General Term, December 1, 1856. *T. R. Strong, Welles* and *Smith,* Justices.]