Smith, P. J.
Action for the conversion of certain promissory-notes executed by the defendant to the testatrix, who was the sister of the defendant and the mother of the plaintiff.
The defendant, by his answer, admitted the execution and delivery of the notes to the deceased; alleged that before and at the time of her death, he was rightfully and lawfully in the possession of the notes, and they were then his property, and denied that they were the property of the deceased at the time of her death.
The action has been tried three times, each trial resulting in a verdict for the plaintiff. The first verdict was set aside and a new trial granted on the ground of newly discovered evidence. The judgment on the second verdict was reversed by the court of appeals, for the improper exclusion of evidence. (98 N. Y., 206.)
The notice of the present appeal purports to be from an order denying a motion for new trial, as well as from the judgment, but no such order appears in the case. The only questions to be considered, therefore, are thóse presented by exceptions.
The appellant’s counsel contends that there is no evidence of a wrongful taking. The statement of the evidence on that point, contained in the opinion of Huger, C. J., on the review of the second trial (98 N. Y., 207-8), may be adopted as an accu *276 rate summary of the evidence given on tbe last trial, and is substantially as follows:
The plaintiff, as a witness in his own behalf testified, in substance, that the notes in suit were, for some time previous to his mother’s death, kept in a tin trunk under the bed in the room occupied by her, and that he saw them there on the morning before she died, and that upon examining the trunk on the following morning, he found that the notes had been abstracted. Another witness testified that the notes were afterwards found in the possession of the defendant, who, when they 'were demanded of him, refused to surrender them. The plaintiff also testified to facts showing the presence of the defendant in the room where the notes were kept during the last hours of his mother’s illness, and the opportunity thereby afforded him, to obtain unauthorized possession of them. The learned chief judge, speaking for the majority of the court, said that the evidence thus ■ tended both to establish ownership of the notes by the testatrix, by creating a presumption arising from the fact of possession, and by inference, to controvert the probability that the defendant came rightfully into possession of the notes, by means of a prior disposition of them, by her. As the testimony upon the point is substantially the same now as it was then, the decision of the court of last resort is conclusive upon the question.
The defendant, as a witness in his own behalf, testified that the promissory notes in question, came into his possession a week before the death of the deceased; his sister, Mrs. Cassner, was present at the time; she called him into the room where the deceased was lying sick. . He was then ‘asked to state what occurred in reference to any transaction between himself and the deceased concerning the notes, after he went into the room. The plaintiff’s counsel objected that the question was improper under section 829 of the Code. The defendant’s counsel stated that he offered the testimony upon the ground that the executor had testified in reference to the matter, and that allowed the opposite party to come in and testify. The objection was sustained. It is contended that the ruling was erroneous.
We think otherwise. The offer, as we understand it, was to give affirmative evidence of a personal transaction between the witness and the deceased, in regard to which no evidence had been given by the plaintiff. The question and the offer were broad enough to include evidence of a gift of the notes to the witness by the deceased, or a taking of them by him with her consent, on the occasion referred to in the question, which was several days prior to the time when the plaintiff testified that he saw the notes in the trunk.
It is contended by the defendant’s counsel, that the testimony offered, even if it involved a personal transaction between wit *277 ness and deceased, was competent to repel tbe presumption arising from the testimony of the plaintiff that the deceased was the owner of the notes, and that they were taken from her by the defendant. And it is contended that this precise question was decided by the court of appeals, in favor of the defendant, on the former appeal. We do not so understand that decision. The question there arose upon the exclusion of an offer to show by the defendant that he did not take the notes from the trunk, or from any person, and that at the time of a conversation between the testatrix and Mrs. Merritt, which he testified occurred in his presence some two days before the death of the testatrix, he had possession of the notes. The court of appeals held that the testimony thus excluded was competent, as tending to repel the presumption arising from the facts testified to by the plaintiff as above stated, that the deceased was the owner of the notes the day before her death, and that the defendant wrongfully took them from her possession. But the testimony then excluded was received on the last trial. The defendant was permitted to testify that he did not take the notes in question, or any notes out of the trunk; that the notes came into his possession a week before the death of the testatrix; and that they remained in his possession from that time until the time of the death of the testatrix.
The distinction between testimony competent to repel an inference arising from a fact testified to by the opposite party, and testimony offered for the purpose of establishing an affirmative defence resting in a transaction not adverted to in the testimony of the opposite party, is pointed out by Judge Huger in the opinion referred to, (p. 209).
The trial judge charged the jury that the defendant, in order to hold this property by virtue of a gift, must establish it beyond a suspicion. To that instruction, the defendant excepted. The charge accords with the rule stated by Peckham, J., delivering the opinion of the court, in Grey v. Grey, (47 N. Y., 552.) That was an action on a promissory note given by a son to his father, on settlement of accounts, payable one year from date, with interest. The'father died about four months after the note was given. The suit was brought by his personal representatives. On the trial, the defendant produced the note with his name torn off; he testified that he had it in his possession prior to his father’s death; that he never took the note from the drawer of his father, and he did not know of any third person owning or possessing the note; that he never paid it, or transferred or delivered to intestate any property, nor was the intestate indebted to the defendant since giving the note. It appeared that the defendant had means of access to his father’s papers. In that case, as in this, it did not appear affirmatively how the defendant became possessed of the note. Judge Peck *278 bam said, “ If any presumption of title or of payment prevail by mere possession, it is only where the possession is free from suspicion,” (p. 555). And after stating that the law does not presume a gift, he said, “ if this was claimed as a donatio mortis causa, then the rule is still more rigid that the clearest proof on the part of the claimant is required. It must be established beyond suspicion.”
This can hardly be regarded as a mere dictum, as suggested by the appellant’s counsel. There being no proof of the manner in which the defendant became possessed of the note, it was pertinent to consider the case in all its aspects, and as the hypothesis of a gift mortis causa was consistent with the evidence, its consideration was not so far foreign to the ease, as that what was said respecting it can be regarded as a mere passing remark lacking authority.
It is contended that the authorities cited by Judge Peckham, do not sustain him. They are Walter v. Hodge, 2 Swanst., 97; 2 Kent, 444, 8th, Ed.: Coutant v. Schuyler, 1 Paige, 316. The latter case holds that claims of this kind are admitted with great caution, and all agree that the evidence must be satisfactory, by which is meant, doubtless, that the evidence must be satisfactory in view of the circumstances of each case. Thus, where there are circumstances attending the alleged gift which reasonably excite suspicion as to whether there was a gift, in fact, the proof must be such as to remove the suspicion. We think the rule laid down by the trial judge was not more stringent than the circumstances disclosed by the evidence warranted.
Some other exceptions were taken by the defendant’s counsel, but they have not been argued, and we do not consider them.
The judgment should b'e affirmed.
Barker and Bradley, J J., concur, Haight, J., not sitting.
Affirmed.