(51 App. Div. 70.)

O'CONNOR et al. v. OGDENSBURGH BANK et al.

(Supreme Court, Appellate Division, Third Department. May 2, 1900.)

TRANSACTION WITH DECEDENT—INTERESTED WITNESS.
In an action by plaintiff to compel payment of money deposited by her deceased husband, defendant, who had lived with deceased, claimed title to the money through gift by deceased, just previous to his death, of his bank book, which was kept in a tin box. *Held*, that defendant's evidence that she had seen the bank book exhibited to her at the trial in such tin box, and that it was the only one in the box, was inadmissible, under Code Civ. Proc. § 829, as it concerned a transaction between herself and deceased.

Smith, J., dissenting.

Appeal from judgment on report of referee.

Action by Minnie O'Connor and another, as administrators of John O'Connor, deceased, against the Ogdensburgh Bank, to compel payment of money deceased had on deposit. Josephine Cardinal, claiming ownership of the money, was impleaded as party defendant. From a judgment in favor of defendant, entered on report of referee, plaintiffs appeal. Reversed.

John O'Connor died in Ogdensburgh, in this state, in the month of March, 1898. About 25 years prior to his death he married the plaintiff Minnie O'Connor, by whom he had three children. Some time after his marriage he and his family moved away from Ogdensburgh. About 15 years prior to his death he returned thereto without his wife and family, but with the defendant Josephine Cardinal, with whom he thereafter lived, as man and wife, although not married, until the time of his death; the defendant Cardinal having a hus-

band living in the meantime. At the time of his death O'Connor was the owner of a piece of real estate, of several mortgages, and of cash in the defendant the Ogdensburgh Bank to the amount of $310, and also of some household furniture. The plaintiffs, Minnie O'Connor and Charles McMyers, were appointed the administratrix and administrator of John O'Connor's estate. The plaintiffs, as administratrix and administrator of his estate, drew a check for $100 upon the defendant the Ogdensburgh Bank against the deposit of $310 there in the name of the deceased, John O'Connor. The defendant Josephine Cardinal claimed the money there on deposit to be hers, and the bank refused to pay the check. The plaintiffs commenced an action against the defendant the Ogdensburgh Bank for the said sum of $100. The Ogdensburgh Bank made application to the court for the substitution of Josephine Cardinal as a party defendant to the action, because of her claim of ownership to the money in question, and an order was granted making her such defendant, and the Ogdensburgh Bank deposited the money in question with the county treasurer. The action was referred to a referee for trial. Upon the trial, upon the part of the defendant Josephine Cardinal, evidence was introduced to the effect that during his last sickness O'Connor caused Josephine Cardinal to bring a tin box to him; that he looked over the papers therein; took out one which he said he wished given to his brother Jim, and that the others, which he gave to her, were for herself; that the papers looked like deeds and mortgages; and that among them was a book, which one of the witnesses swears she was willing to say was the bank book produced in court, which bank book was a book of deposit or pass book, containing a statement of moneys deposited with the Ogdensburgh Bank. Evidence was also introduced, tending to corroborate this statement, of conversations with the deceased, to the effect that he intended to or had given his property to the defendant Josephine Cardinal. The identity of the book testified to as having been in the tin box at the time of the alleged gift to the defendant Cardinal with the book of deposit produced in court is contested by the plaintiffs.

Upon the trial the defendant Cardinal was examined as a witness, and the bank book in question was shown to her, and she testified that she had seen that bank book before. She was then asked if she knew where the bank book was kept during the time of John O'Connor's sickness. This was objected to by the plaintiffs as incompetent, and also that the witness was incompetent to testify under section 829 of the Code of Civil Procedure. The objection was overruled, the plaintiff excepted, and the defendant answered, "Yes." She was then asked, "Where?" which was also objected to as incompetent, and also that the witness was incompetent to testify, under section 829 of the Code of Civil Procedure. This objection was overruled, to which the plaintiff excepted, and the witness answered: "In that tin box in the sideboard. It was kept there all the time during his sickness, and was there after his sickness. A few days after he was buried I took the papers just as he had them, rolled in that elastic, and took them to Dr. Benton, and he kept them in his safe to give to you." Question: "Did you know what was in the box yourself?" Objected to as incompetent, and that the witness was incompetent to testify, under section 829 of the Code of Civil Procedure. The objection was overruled, to which the plaintiffs excepted, and the witness answered, "Yes, sir." She was then asked if there "was any other bank book in that box"; to which she answered, "No, sir." Questions were also asked her as to what other things were in the box, to which the same objections and exceptions were made, and testimony was given by her as to the other things in the box. The materiality and importance of this testimony is emphasized by the fact that a witness for the plaintiff, a brother of the deceased, testified that he was at his brother's house at or about the time of his decease, and had a conversation with the defendant Cardinal; that she brought him a bank book, and asked him what it was; that it was a bank book of the Ogdensburgh Bank; that he opened it, and observed the figures written in it; and that one was a deposit of $300, and another of $60. At the beginning of the case, the president of the Ogdensburgh Bank was sworn as a witness. The bank book produced was sworn to by him, and entries therein were read by him, as follows: "1897, April 19th, cash deposit, $650.00. 1897, September 2nd, cash deposit, $60.00." The plaintiffs' contention from this testimony is that the bank

book given to Josephine Cardinal, if any, by the deceased, and exhibited by her to the witness O'Connor, is not the same one produced in court, in which the balance of the deposits named are the subject of controversy between the parties. The defendant Cardinal claims, on the other hand, that the bank book produced was the one that was in the tin box, and that it was the only one there, and that it is the same one given to her and produced in evidence upon the trial, and that the witness O'Connor is mistaken as to the entries he testified to as having seen in the book exhibited to him. The referee found that the said John O'Connor, being the owner of a deposit of money amounting to $310 in the Ogdensburgh Bank, of Ogdensburgh, and having in his possession the bank book issued to him by said bank, did then and there give, transfer, and deliver said bank book to the defendant Josephine Cardinal, with the intent to give, transfer, and deliver to her the money so on deposit, and with the intention of vesting the title to the same in her, and as conclusion of law he finds that by the gift, delivery, and transfer made to the said Josephine Cardinal she became vested with the title to the sum of $310 standing in the name of John O'Connor, and that the defendant is entitled to judgment dismissing the complaint, with costs. From the judgment entered upon the report of the referee, the plaintiffs appeal to this court.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

Charles McC. Myers (D. B. Lucey, of counsel), for appellants.
Geo. E. Van Kennen, for respondent.

HERRICK, J. The defendant Cardinal's claim to the money in question rests upon an alleged transaction between herself and the deceased, O'Connor. That transaction consisted in the giving of a bank book kept in a tin box. In testifying that she had seen the bank book exhibited to her in such tin box, and that it was the only one in the box, she indirectly testified that that was the bank book given to her by the deceased. She could not testify to that directly, and cannot be permitted to do so indirectly. Grey v. Grey, 47 N. Y. 552. It was, in effect, testimony concerning the alleged transaction between herself and the deceased, and consequently obnoxious to section 829 of the Code of Civil Procedure. Gregory v. Fichtner (Com. Pl.) 14 N. Y. Supp. 891; Viall v. Leavens, 39 Hun, 291. The evidence is material, the error in receiving it cannot be disregarded, and the judgment must be reversed.

Judgment reversed, referee discharged, and a new trial granted, costs to abide the event. All concur, except SMITH, J., dissenting.