CHARLES DEUSSEN, EXECUTOR, V. F. MOEGELIN ET AL.

Decided October 31, 1900.

**1. Gifts Inter Vivos—Promissory Note.**

Where a husband and wife had executed their note to the wife's stepmother, and the latter took the note from a bank where she had deposited it, and handed it to her stepdaughter, with the declaration, "You keep this; I give this to you," there was a completed gift of the note such as discharged the debt evidenced by it.

**2. Same—Mortgage Is Discharged with the Debt.**

Where the debt was discharged by a gift of the note to the makers, a mortgage given to secure the note was thereby discharged also, and its makers were entitled to maintain an action against the executor of the donor to cancel the mortgage as a cloud on their title to the land covered by it.

APPEAL from Bexar.  Tried below before Hon. S. J. BROOKS.

*Goeth & Ihrie,* for appellant.

*H. M. Wurzbach,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This is a suit brought by appellees, F. Moegelin and his wife, Amalia Henrietta Moegelin, against Charles Deussen, as executor of the estate of Clara Schmidt, deceased, to cancel and remove as a cloud from their title a certain mortgage or deed of trust on certain real property situated in the city of San Antonio, Texas, made by them to appellant's testatrix to secure her in the payment of their certain promissory note at the same time executed by them to Clara Schmidt for the sum of $300.

Appellees, plaintiffs below, alleged as the ground for the equitable relief asked, that the note which the mortgage was given to secure was, on the 3d day of February, 1899, satisfied by appellant's testatrix, Clara Schmidt, who was then the legal owner and holder of the note, delivering it to appellees, thereby intending and declaring that she desired the debt of which said note was evidence to be then and there extinguished, and that the sum of $300 evidenced by the note was intended and declared to be, and was in fact, a gift from Mrs. Schmidt to appellees.

The appellant specially excepted to the petition upon the ground that it appeared therefrom that the gift claimed to have been made by the testatrix was not complete, in that the petition failed to show the lien created by the deed of trust was ever released or intended to be released by the alleged donor.  The executor also answered by a general denial and cross bill, asking judgment upon the note, together with a foreclosure of the deed of trust upon the property made by appellees to secure its payment.  The case was tried by the court without a jury, who, after hearing the evidence, entered a decree granting appellees the relief prayed for.

The only controverted issue of fact is the alleged gift of the note. We conclude, after a careful examination and mature consideration of

the evidence disclosed by the record, that the finding of the court upon this issue in favor of appellees is fully sustained; for it is sufficient to show that the note was taken by the testatrix from the bank where she had deposited it, and by her handed to the appellee Amalia Henrietta Moegelin, the testatrix's stepdaughter, with the declaration "You keep this; I give this to you;" and that Mrs. Moegelin accepted it as a gift, and has retained it in her possession ever since, claiming that the debt evidenced thereby was by such gift discharged.

The act of transfer of possession to the donee, whenever and however accomplished, if supplemented by plenary evidence of an intentional release to the donee on the part of the donor, per verba de praesenti, of any and all right or claim ever to resume the possession or deprive the donee of it, will make a complete gift inter vivos. It matters not whether the change of possession takes place before or after or at the time of the utterance of the words importing the gift, if there is a manifest design on the part of the donor that the donee should thereafterwards hold such possession absolutely as of his own property. Thenceforward the possession and right are concurrent in the same person, and the gift is perfect and irrevocable. Wing v. Merchant, 57 Me., 383; Gill v. Strozier, 32 Ga., 688.

"The delivery of a note by the owner to the maker with intent thereby to discharge the debt, discharges the debt." Vanderbeck v. Vanderbeck, 30 N. J. Eq., 265. The mortgage or deed of trust was but an incident to the debt, and when the debt was discharged by the gift of the payee to the maker of the note which evidenced it, the mortgage or deed of trust given to secure its payment became functus officio. A court of equity will order the delivery up and cancellation of instruments when they are clearly established by the proof to have become functus officio according to the original intent and understanding of both parties; and also where it has been fairly inferable from the acts or conduct of the party entitled to the benefit of the deed or other instrument, that he has treated it as released or otherwise dead in point of effect. 2 Story Eq. Jur., 3 ed., sec. 705a; Vanderbeck v. Vanderbeck, supra; Edwards v. Campbell, 23 Barb., 423; Bridges v. Hutchins, 11 Ired., 68.

We conclude, therefore, that the allegations in appellees' petition and the evidence adduced in support of it are amply sufficient to entitle them to the relief awarded by the decree, and that none of the assignments of error should be sustained.

The judgment of the District Court is affirmed.

*Affirmed.*