## LYNCH et al. v. LYONS.

(Supreme Court, Appellate Division, Second Department. March 5, 1909.) .

·1. BILLS AND NOTES (§ 499*)—ACTIONS—BURDEN OF PROOF.
     While the burden of proof upon the main issue in an action on a note remains on plaintiffs, the burden of establishing a plea of payment is on defendant.
     [Ed. Note.—For other cases, see. Bills and Notes, Cent. Dig. §§ 1695–1697; Dec. Dig. § 499.*]

2. GIFTS (§ 47*)—PRESUMPTION.
     The law does not presume a gift.
     [Ed. Note.—For other cases, see Gifts, Cent. Dig. § 81; Dec. Dig. § 47.*]

3. PAYMENT (§ 68*)—EVIDENCE—PRESUMPTION—PRE-EXISTING DEBT.
     Payments are presumed to be on account of pre-existing debts without a showing that there were no other dealings between the parties.
     [Ed. Note.—For other.cases, see Payment, Cent. Dig. § 195; Dec. Dig. § 68.*]

4. PAYMENT (§ 75*)—PRESUMPTION—EVIDENCE TO OVERCOME.
     Slight evidence is sufficient to overcome the presumption that a pre-existing debt was settled by a payment.
     [Ed. Note.—For other cases, see Payment, Dec. Dig. § 75.*]

5. EXECUTORS AND ADMINISTRATORS (§ 221*) — CLAIMS AGAINST ESTATE — ACTIONS—EVIDENCE.
     In an action against an administrator on notes of decedent, where the defense was that decedent had paid the notes, evidence *held* sufficient to support a judgment against the administrator.
     [Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 221.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am: Digs. 1907 to date, & Rep'r. Indexes·

6. WILLS (§ 714*)—RIGHTS OF LEGATEES—SATISFACTION OF DEBT BY LEGACY.

The mere giving of a legacy does not indicate testator's intention that it should be in satisfaction, pro tanto or otherwise, of a debt due testator from the legatee.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1698–1703; Dec. Dig. § 714.*]

Appeal from Special Term, Rockland County.

Action by Annie Lynch and another against John D. Lyons, administrator of Andrew Donnelly, Jr. Judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, JENKS, and MILLER, JJ.

Henry W. Smith, for appellant.
William McCauley, for respondents.

JENKS, J. The defendant appeals from a judgment in favor of the plaintiffs in an action upon two promissory notes, tried before the court without a jury. The action is by the assignees of the executors of the payee against the administrator of the maker. The maker and the payee were Donnelly, Jr., and Donnelly, Sr., son and father, who had been in business together, but who separated in 1898, when Donnelly, Jr., went elsewhere because of failing health. The plaintiffs produced and read the notes in evidence, dated August 27, 1900, and October 30, 1900, respectively, each for $500, at six months and one year, respectively; each purporting to be for value received, and the latter expressly bearing interest. The plaintiffs also proved by a grandson of Donnelly, Sr., that there was a safe in the house of Donnelly, Sr., in charge of the witness, who held the combination of the lock thereto; that Donnelly, Jr., had known the combination, but had forgotten it; that in June, 1903, the witness unlocked the safe at the request of Donnelly, Jr., in order that the latter might look over certain fire insurance policies; that while examining certain papers in an unlocked wooden box of the safe Donnelly, Jr., came across these notes, whereupon Donnelly, Jr., said to his sisters, who were standing by, "You are very careless with these notes; you ought to take better care of them;" and that Donnelly, Jr., then took them and placed them in a little iron box of the safe designed for cash, above the wooden box. The defense was payment.

While the burden of proof upon the main issue remained on the plaintiffs throughout the trial, the burden of establishing that defense was upon the defendant. See Conkling v. Weatherwax, 181 N. Y. 258, 73 N. E. 1028, per Cullen, C. J.; Lerche v. Brasher, 104 N. Y. 160, 10 N. E. 58. This distinction as to the burden of proof is pointed out generally, per Gray, J., in Doheny v. Lacy, 168 N. Y. 220, 61 N. E. 255. To establish payment, the plaintiffs offered in evidence two paid checks, each for $500, drawn by Donnelly, Jr., to Donnelly, Sr., bearing date November 22, 1901, and June 9, 1902, respectively. There is no evidence of the purpose of these checks. The checks are not dated so as to meet the notes when they fell due, for the first note

fell due on February 27, 1901, and the second on October 30, 1901. The defendant, however, invokes the presumption that those payments were on account of the existing debt. See Lawson on Presumptive Evidence, p. 344. There is respectable authority that the defendant could not rely on such presumption, without further showing that there were no other dealings between the parties upon which such payments might have been made (Somervail v. Gillies, 31 Wis. 152), for the reason that the rule otherwise requires the aid of the presumption that there were no dealings, and presumption cannot rest on presumption. But the rule seems otherwise in this state. Matter of Callister, 153 N. Y. 308, 47 N. E. 268, 60 Am. St. Rep. 620; De Freest v. Bloomingdale, 5 Denio, 304; Sperry v. Miller, 16 N. Y. 414; Lake v. Tyson, 6 N. Y. 462; Duguid v. Ogilvie, 3 E. D. Smith, 527. The law does not presume a gift (Grey v. Grey, 47 N. Y. 552; Nay v. Curley, 113 N. Y. 578, 21 N. E. 698. And there was no presumption that there were other business dealings between these parties.

But the plaintiffs then went forward with proof to show that Donnelly, Sr., had sold certain realty in the place where Donnelly, Jr., lived, to Mrs. Loderhose for $2,000 in June, 1900, which she was to pay in installments, with interest, within three years, and that she made such payments within that time by checks drawn in favor of Donnelly, Jr., who always receipted therefor in the name of Donnelly, Sr. These checks were made June 3, 1902, $545; December, 1903, $515; December 1, 1902, $530; June 1, 1903, $15. While the amounts received were in excess of $500, a receipt of November 22, 1901, is for $500 principal and $60 interest, and is of the date of one of the said $500 checks from Donnelly, Jr., to Donnelly, Sr. A receipt of June 3, 1901, is for $500 principal and $45 interest, and the other check from Donnelly, Jr., to Donnelly, Sr., is for $500, dated June 9, 1901. Aside from the interest, these two payments to Donnelly, Jr., for Donnelly, Sr., are identical with the amounts of the two checks and are closely related as to time. Assuming, then, that there was "a shifting of the weight of evidence" on the issue of payment, perforce of the presumption, the plaintiffs thus went forward to show these other business dealings between the parties which might naturally involve the giving of these two checks, and at the close of the case they had sustained the burden of proof upon the whole issue to the extent of a showing of possession of valid notes, for valuable consideration, uncanceled and unpaid, coupled with proof of the dealings of Donnelly, Jr., with the notes when they were found by him in the safe two years after his making of the $500 checks on which the defense of payment rests. In Somervail v. Gillies, supra, Dixon, C. J., says that such presumption of payment is met and overcome by the presumption arising upon possession by the payee of the uncanceled and unextinguished note. Abbott, in his Trial Evidence, says that slight evidence is sufficient to show that the demand in suit was not settled by the payment.

It is insisted that the evidence of the plaintiffs is not of the degree of proof required of claims against the estates of the dead, within the rule of Van Slooten v. Wheeler, 140 N. Y. 624, 35 N. E. 583, and

Matter of Marcellus, 165 N. Y. 70, 58 N. E. 796; but I think that it is sufficient, even within that rule. Further, I see no reason why the plaintiffs cannot invoke the same rule as to the standard of proof as against the defendant in his defense of payment, inasmuch as the reason therefor obtains. If this is so, then they contended upon the same plane. The proof of the mere legacy of $100 was not proof of an extinguishment, pro tanto or otherwise. Smith v. Murray, 1 Dem. Sur. 34, and authorities cited.

The judgment should be affirmed, with costs. All concur.