In the Matter of the Judicial Settlement of the Intermediary Account and Proceedings of HILDA O. SEIGLE and JULIUS ROTHS-CHILD, as Executors, etc., of WILLIAM R. SEIGLE, Deceased.*

ELIZABETH SMOOT SEIGLE, Appellant; HILDA O. SEIGLE and JULIUS ROTHSCHILD, as Executors, etc., of WILLIAM R. SEIGLE, Deceased, BURTON C. MEIGHAN, JR., as Special Guardian for JEAN SEIGLE and Others, Infants, Respondents.

Second Department, May 4, 1942.

* Affg. 177 Misc. 642.

Richard H. Brown, for the appellant.

Charles A. Voss, for the respondents.

CLOSE, J.   The appellant, prior to her divorce from the decedent, entered into a separation agreement pursuant to which the testator agreed to pay the appellant the sum of $15,000 per year for ten years, with the proviso that if he died during the ten-year period any portion of the $150,000 remaining unpaid should forthwith become due and be paid by his legal representatives.   The testator did die during the ten-year period and it is conceded that he had during his lifetime paid the appellant pursuant to said agreement the sum of $73,125.   The balance of $76,875 was claimed by the appellant and is admitted to be due by the executors-respondents.

After the testator's death the appellant presented a claim for $7,500, based on a promissory note of the testator.   The claim was rejected by the executors and after a hearing before the surrogate it was disallowed.   From the decree entered thereon, this appeal is taken.

The executors, in addition to checks amounting to $7,500, hereinafter referred to, introduced in evidence a number of checks which aggregated a sum less by approximately $400 than the conceded payments under the separation agreement.   All these checks must be presumed to have been given in payment of the testator's obligation under the separation agreement.   (*Nay* v. *Curley*, 113 N. Y. 575, 577.)   In addition to the above-mentioned checks the executors-respondents introduced in evidence six checks totaling $7,500, which were concededly credited to the account of the appellant.   It was conceded that these six checks had no connection with the payments under the separation agreement and were in addition to the payments made thereunder.

There was proof of only two transactions between the appellant and the testator, (1) the testator's note for $7,500, held by the appellant, and (2) the separation agreement already described.   By virtue of the concession that the six checks totaling $7,500 were in addition to the payments made under the separation agreement, and of the fact that the law will not presume that there were other dealings between the testator and the appellant, there arose a presumption that the checks totaling $7,500 were given in payment of the only existing debt proved in this proceeding, namely, the indebtedness represented by the note.   (*Lynch* v. *Lyons*, 131 App. Div. 120.)   Such presumption is sufficient to sustain the burden

of proof of payment on the note which rested on the executors-respondents, and the appellant, by reason of her inability to go forward with proof in explanation of the transaction out of which the checks arose, failed to carry the burden of proof on the whole case of establishing a subsisting indebtedness on the note in suit. A contrary holding would place upon the executors the burden of rebutting a nonexistent presumption that there were other dealings between the testator and the appellant.

The appellant's offer to prove by her own testimony the nature of the transaction which gave rise to the checks totaling $7,500 was properly rejected on the ground that such testimony, if given, would be incompetent under section 347 of the Civil Practice Act. The introduction of the checks in evidence by the executors-respondents did not open the door so as to permit the appellant to testify to personal transactions with the decedent for the reason that the checks, although evidence of a transaction between the appellant and decedent, were not testimony. (*Matter of Callister*, 153 N. Y. 294.) Since the appellant was only partially successful on the contested accounting, the surrogate in denying the appellant costs, did not abuse the discretion vested in him by section 278 of the Surrogate's Court Act.

The decree of the Surrogate's Court of Westchester County resettling the account of executors, in so far as appealed from, should be affirmed, with costs to respondent executors, payable out of the estate.

LAZANSKY, P. J., HAGARTY and JOHNSTON, JJ., concur; TAYLOR, J., dissents, with opinion, and votes to reverse the decree, to allow the appellant's claim upon the $7,500 note as valid, to allow costs to the appellant, and to remit the proceeding to the Surrogate's Court with a direction to enter a decree accordingly.

TAYLOR, J. (dissenting). I dissent. The decree, in so far as appealed from, should be reversed, the appellant's claim upon the $7,500 note allowed as valid, and the proceeding should be remitted to the Surrogate's Court, with a direction to enter a decree accordingly.

Claimant established *prima facie* her cause of action on the note by producing it and having it received in evidence. Upon now familiar principles, the burden then rested upon the executors to prove payment of *that* note. (*Lynch* v. *Lyons*, 131 App. Div. 120.) Such burden, upon the undisputed proofs, as matter of law was not sustained. The executors produced and there were received in evidence checks, six in number, the first dated June 2, 1937, and the last dated October 21, 1938, aggregating $7,500. These checks

were concededly paid by testator to the claimant, who received the proceeds thereof. A presumption attached to each check, viz., that it was in payment of an existing indebtedness of testator to claimant. There is neither evidence nor presumption that they were, or that any one of them was, paid on account of the $7,500 note. The fact that they aggregate in amount $7,500 does not establish it. As was stated by this court upon the prior appeal (262 App. Div. 879): "There is no showing of any relationship between the note and the checks. For aught that appears, the executors arbitrarily selected the checks in question from payments made by decedent to the appellant, inclusive of payments made in accordance with the separation agreement."

Numerous other checks from testator to claimant, forty-four in all, were offered and received in evidence as Exhibits I to M, inclusive, each exhibit consisting of several checks, with a statement by executors' counsel, but no proof, that such other checks were "regular payments" under the separation agreement between testator and claimant. The parties in effect stipulated that the above-mentioned six checks, aggregating $7,500, were *not* on account of moneys due from testator to claimant under the separation agreement. As to the other forty-four checks, claimant admitted only that those in the sum of $1,875 each, thirty-two in number, were payments due under that agreement. The others, twelve in number, were the subject of no proof establishing the (presumed) indebtedness of the testator to claimant to which they were to apply. Transactions between deceased and claimant, other than those represented by the $7,500 note and the separation agreement, are inferable. Under all the circumstances and upon the undisputed facts, therefore, the burden of proving payment was not sustained. Hence the surrogate should have allowed as valid the appellant's claim on the $7,500 note, as to which it is quite significant that the note had never been surrendered to the maker, and that it bore no indorsements indicating payments on account thereof.

*Lynch* v. *Lyons* (*supra*), read in the light of its peculiar facts, is not inconsistent with my views above indicated.

As there should be reversal and the direction indicated as to the note, the provision of the decree denying the claimant costs should be the subject of reversal also. I agree with the majority that nothing in this record opened the door to the claimant's testimony excluded by the surrogate under the provisions of section 347 of the Civil Practice Act.

Decree of the Westchester County Surrogate's Court resettling the account of executors, in so far as appealed from, affirmed, with costs to respondent executors, payable out of the estate.