JACOB GRIMES

*v.*

GEORGE F. HILLIARY, Admr.

*Filed at Springfield April 2, 1894.*

1. AMENDMENT—*of declaration.* Where the defendant moves the court to exclude all of the plaintiff's evidence, the latter may, by leave of court, amend his declaration.

2. EVIDENCE—*lost or destroyed note—degree of proof.* In an action of assumpsit upon a destroyed or lost promissory note, the defendant asked the court to instruct the jury that it was incumbent on the plaintiff to prove the allegation of his amended declaration, that the defendant destroyed the note, beyond a reasonable doubt, which the court refused : *Held,* that such instruction was properly refused.

3. SAME—*foundation for secondary—lost or destroyed note.* Where an action is brought upon lost or destroyed notes, the charge as to the manner of disposition of the notes is by way of excuse for not producing the original in evidence, and whether they were willfully or accidentally destroyed by the defendant is immaterial in laying the foundation for secondary proof.

4. The preliminary proof, laying the foundation for the introduction of secondary evidence of the contents of the lost instrument, is addressed to the court, and the court determines whether sufficient has been shown to permit the secondary evidence to go to the jury, and the recovery, if one is had, is upon the instrument thus proved.

5. SAME—*beyond reasonable doubt—in civil actions.* It has been held that where, under the pleadings, it becomes necessary to the maintenance of the plaintiff's cause of action or the defendant's defense to show that the opposite party has been guilty of a criminal offense, such offense must be proved beyond a reasonable doubt; but it does not follow that because an element may have entered into an act which would have rendered it indictable as a crime, but which is not alleged or necessary to be proven to authorize a recovery in the civil action, the proof must be made beyond a reasonable doubt.

6. SAME—*of bill of discovery, explaining answer.* Upon a trial of an action at law the allegations of a bill of discovery filed by the plaintiff are not competent evidence, on behalf of the plaintiff, for the purpose of proving any fact alleged in such bill. The only purpose for which any portion of the bill, in such case, can go to the jury, is to point the answer, and show to what it is responsive, where the answer would be otherwise unintelligible.

7. Where a bill of discovery in aid of a suit at law, and the answer thereto, are read in evidence by the plaintiff, it is the duty of the court to limit the use to be made of the bill; but if the other party fails to ask any instructions or ruling of the court limiting it, he can not complain on appeal or error.

8. PROMISSORY NOTE—*in hands of maker—presumption of payment.* It is the general rule, that when a promissory note, due bill or other instrument for the payment of money is found in the possession of the maker, the presumption of payment arises. But this presumption does not arise when the debtor has had the means of obtaining possession or of canceling the obligation other than by paying it. In such case there is simply no presumption that the note is or is not paid, leaving the party having the affirmative upon that issue to establish the fact of payment.

9. DECLARATION—*whether it charges a criminal act.* An amended declaration charged that the defendant "wrongfully took" and "unlawfully destroyed" the notes upon which he was sued, but did not charge that the act was fraudulently and maliciously done, with intent to defraud : *Held,* that the declaration did not charge any criminal offense, and that it was not necessary to maintain the cause of action to prove the defendant guilty of a criminal offense.

10. PRACTICE—*motion to exclude plaintiff's evidence.* A motion by the defendant to exclude all of the plaintiff's evidence is properly overruled when such evidence tends to establish plaintiff's right of recovery under amended counts filed by leave of court.

11. If a defendant, after the refusal of the court to exclude all the plaintiff's evidence, introduces evidence and proceeds with the trial, and does not thereafter renew his motion, he will waive the right to insist upon his motion, or assign the refusal of the motion for error.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. EDWARD P. VAIL, Judge, presiding.

Appellee, administrator of the estate of Jacob Grimes, Sr., brought assumpsit against appellant, counting on two promissory notes, in several counts, each note bearing date August 15, 1876, due five and ten years after date, respectively, without interest, made by appellant to his intestate, and alleging in the several counts that said notes had been lost or destroyed, and after due search could not be found. The general issue was interposed and the cause tried by jury. At the close of

the plaintiff's evidence defendant moved the court to exclude it from the jury and to direct a verdict for him, and the plaintiff entered a cross-motion for leave to amend the declaration, which was granted. The plaintiff thereupon filed two amended counts, in which, after setting up the indebtedness, the making and delivery of the notes, and the maturing and non-payment thereof, it is alleged, in the first, that the notes were in the possession of the payee, severally, unpaid, and that the defendant, in the lifetime of said payee, without his knowledge or consent, unlawfully took and destroyed the same, and that afterwards the payee departed this life and plaintiff was appointed his administrator, etc.; and in the second, that said notes were in the possession of Jacob Grimes, Sr., the payee, at his death, and being in the dwelling house of defendant, where the said Jacob Grimes, Sr., had recently died, and still. unpaid, he, the defendant, unlawfully took said notes from the place where they were kept by the payee, and destroyed them, thereby, etc., alleging non-payment and letters of administration, as in previous counts. Thereupon the motion to exclude was overruled.

The jury found for the plaintiff in the sum of $1094.66. Motion for a new trial was overruled and judgment entered upon the verdict. On appeal to the Appellate Court this judgment was affirmed, and the defendant below prosecutes this further appeal.

Messrs. Lawrence & Lawrence, for the appellant.

Mr. E. R. E. Kimbrough, and Messrs. Calhoun, Stelly & Jones, for the appellee.

Mr. Justice Shope delivered the opinion of the Court:

All controverted questions of fact have been settled by the judgment of the Appellate Court, and it remains to consider only questions of law arising upon the record.

*First*—At the conclusion of the plaintiff's case the defendant moved the court to exclude the evidence from the jury and direct a verdict in his behalf. The plaintiff entered a cross-motion for leave to amend the declaration, which was allowed, and the motion to exclude overruled. Thereupon the defendant introduced evidence to sustain the issues on his part, and the cause was submitted to the jury without renewal of the motion. Leave to amend was fully authorized by section 24 of the Practice act. No surprise thereby to the defendant is suggested. He proceeded with the trial, treating the plea already filed as applying to the amended counts. The motion to exclude was properly overruled, for the reason that there was evidence tending to establish the plaintiff's right of recovery under the amended counts. Moreover, the defendant waived his right to insist upon the motion by the introduction of evidence and proceeding with the trial. *Joliet, Aurora and Northern Railway Co.* v. *Velie,* 140 Ill. 59.

*Second*—A bill for discovery had been filed by the plaintiff, against the defendant, praying for discovery, to enable the plaintiff to prosecute an action at law for recovery upon the promissory notes mentioned in the declaration. The sole purpose of the bill was to discover the date of the notes, rate of interest, and when and where the same were payable. The bill was answered under oath, and disclosed that the notes were of the same date, August 15, 1876; that no rate of interest was expressed and no place of payment mentioned therein; that the note for $1000 was due in five years after its date, and the one for $900 in ten years after date. Upon the trial the bill and answer were offered in evidence, and it is objected that the court permitted the bill to be read to the jury, over the objection of the defendant. The allegations of the bill were not competent evidence for the purpose of proving any fact therein alleged. The only purpose for which any portion of the bill could go to the jury was to point the answer and show to what it was responsive, where the answer would

be otherwise unintelligible. The answer was so drawn, in this case, that it was necessary to read portions of the charging part of the bill and interrogatories, to render it intelligible and to show to what the answer related. It was the duty of the court, if asked, to have limited the use to be made of the bill. The defendant having failed to ask any instruction or ruling of the court limiting it, can not now be heard to complain. In any event, it is impossible that the defendant should have been prejudiced by the reading of any portion of the bill to which the answer was responsive.

*Third*—It is next insisted that the court erred in refusing to instruct the jury, at the instance of the defendant, that it was incumbent upon the plaintiff to prove the allegations of his amended declaration, that the defendant destroyed the notes, beyond a reasonable doubt. The action was assumpsit, upon the promissory notes given by the defendant to plaintiff's intestate, and the charge in the amended declaration, as to the manner of disposition or destruction of the notes, was alleged by way of excuse to the plaintiff for not producing the original instruments in evidence. Whether they were wilfully or accidentally destroyed was immaterial in laying the foundation for secondary proof. It is well settled that the preliminary proof, laying the foundation for the introduction of secondary evidence of the contents of the lost instrument, is addressed to the court, and the court determines whether sufficient has been shown to permit the secondary evidence to go to the jury, and the recovery is had, if at all, upon the instrument thus proved. (*O'Neil* v. *O'Neil*, 123 Ill. 360; *Dormady* v. *State Bank*, 2 Scam. 236; *Palmer* v. *Logan*, 3 id. 56; 1 Thompson on Trials, 324.) If this view be correct, it is apparent that the instruction was properly refused.

It is, however, insisted, that by the amended counts filed the action was changed to *case*, and recovery was sought for the wrongful and tortious act of the defendant, and, it is said, a criminal offense is charged, and that it must be proved be-

10—150 ILL.

yond a reasonable doubt. If it be conceded that the action and basis of recovery were changed, as insisted, the position is equally untenable. The charge in the declaration was, that he "wrongfully took" and "unlawfully destroyed" the notes in controversy. It is not charged that the act was fraudulently and maliciously done, with intent to defraud, etc., as would be required in charging the offense created by section 194 (Starr & Curtis, par. 246,) of the Criminal Code. Nor would it be necessary, to maintain the cause of action, to prove the defendant guilty of a criminal offense. Every unauthorized trespass upon or taking of property of another, or destroying it, is wrongful, and therefore unlawful, but not necessarily criminal. It has been held that where, under the pleadings, it becomes necessary to the maintenance of the plaintiff's cause of action or the defendant's defense to show that the opposite party has been guilty of a criminal offense, such offense must be proved beyond a reasonable doubt. (*Germania Ins. Co.* v. *Klewer*, 129 Ill. 612; *McConnel* v. *Mutual Ins. Co.* 18 id. 228; *Crandall* v. *Dawson*, 1 Gilm. 556; *Sprague* v. *Dodge*, 48 Ill. 142.) If this rule is to be adhered to, in respect of which we express no opinion, the case at bar is clearly distinguishable from the cases cited. It does not follow, that because an element may have entered into the act which would have rendered it indictable as a crime, but which is not alleged or necessary to be proved to authorize a recovery in the civil action, the proof must be made beyond a reasonable doubt. (*Riggs* v. *Powell*, 142 Ill. 453, and cases *supra*.) The evidence tending to show the destruction of the notes was permitted to go to the jury without objection.

The real contest in the case was whether the notes had, in fact, been paid and delivered to the defendant in the lifetime of the payee, and the court very properly submitted all of the attendant facts and circumstances tending to illustrate the question. At the instance of the defendant the court instructed the jury, "that this action is upon two promissory

notes, and the recovery is confined to the notes, and not to the original consideration for which the notes were given. The issue is, whether or not the notes in question were wrongfully taken possession of by the defendant, and destroyed without having been paid by the defendant." And by another instruction: "That a failure of a party to produce a promissory note or notes in the trial of a cause upon which the action is founded," creates "a presumption that the note or notes have been paid or satisfied or never existed, and the burden of proof is on the one who seeks to recover upon the same, that such notes were actually made, that they have been lost or destroyed while in the possession of the holder and owner of the same, without his consent, and that they have not been paid."

*Fourth*—It is also insisted that the court erred in giving plaintiff's fifth instruction. The instruction, in effect, told the jury, that if the $900 note bore no interest, and was not due at the time of the death of the payee, there was no presumption of law that it had been paid, but that the burden was upon the defendant to show that the note had been paid by him. While this instruction may be subject to criticism, it could not have misled the jury to the prejudice of the defendant. The defendant, admitting that the notes had been in his possession, offered proof tending to show that he had an accounting and settlement with his father, the payee, and that the notes were surrendered to him and destroyed before his father's death, and before this note was due. The plaintiff introduced in evidence declarations of the defendant showing that he had destroyed the notes, but which were accompanied with the further declaration that he had paid them. The evidence tended to show that he made contradictory statements in respect of the notes, as, that he could produce them when they were called for, and that he had paid them off and burned them many years ago. The payee of the note went to live with the defendant, and as a member of his family, about a year before his death. At the time he went there the notes

were in the possession of the father, and kept by him, with other papers, in a valise or small trunk. The father was old and infirm and transacted no business during the year preceding his death, and the evidence tended to show that nothing came to the hands of the administrator which could have been the proceeds of these notes. The effects of the deceased were, at his death, left in the house of the defendant, and shortly thereafter persons interested in the estate, and others, were called in or went to inspect the same. A key to the valise of the deceased was produced by the defendant, which unlocked it, and in which were found divers notes and papers, but not the notes in controversy. When asked in respect of them, defendant said he had paid them off years ago.

In view of this evidence introduced by the plaintiff, the presumption of payment, ordinarily arising from the possession by the payor or maker of a promissory note, draft, or the like, would not obtain. It is the general rule, that where a promissory note, due bill, or other instrument for the payment of money, is found in the possession of the maker, the presumption of payment arises. (*Sutphen* v. *Cushman*, 35 Ill. 186; *Tedens* v. *Schumers*, 112 id. 263; Lawson on Presumptive Evidence, rule 75.) Lawson's rule 76 is: "The presumption in rule 75 (being the presumption before stated) does not arise where the debtor had the means of obtaining possession of or of cancelling the obligation other than by paying it." (Lawson on Presumptive Evidence, 355.) In *Gray* v. *Gray*, 47 N. Y. 552, a father held the note of his son for $425. After the father's death, suit was brought upon the note, which was produced by the son, cancelled. It appearing that the son had access to his father's papers, it was held that the presumption of payment did not arise. In Pothier on Obligations (vol. 1, p. 573,) it is said that Boiceau lays down the rule, that possession of a note affords presumption of its payment, but if a release from the debt be alleged, it must be proved, for a release is a donation, and a donation ought not

to be presumed. From this latter statement Pothier dissents, and thinks the donation should be presumed unless the creditor shows to the contrary. Pothier then adds: "A distinction adduced by Boiceau, founded upon the relative situation of the debtor, is more plausible. If the debtor were the general agent or clerk of the creditor, having access to his papers, possession alone might not be a sufficient presumption either of payment or release. So if he was a neighbor, into whose house the effects of the creditor had been removed on account of a fire."

Ordinarily the owner of a note retains it until it is paid. Hence, where it is found in the possession of the maker, the presumption of payment arises. But where the maker has access to the papers of the holder, and may have acquired the note as well without payment as with, the presumption of payment does not arise. There is no presumption prejudicial to the maker from the possession, simply, for the reason that the presumption of innocence would repel it. There is simply no presumption that the note is, or is not, paid, leaving the party having the affirmative upon that issue to establish the fact of payment. This, it is apparent from this record, the defendant undertook to do, but the issue of fact has been determined against him. It is apparent that the court did not err in instructing the jury, under the peculiar facts of this case, that there was no presumption of payment, and that the burthen of proving it was upon the defendant.

Other errors are assigned which have been considered, and, in effect, disposed of, in what has preceded, so far as they are deemed of controlling importance.

We are of opinion that no substantial error has intervened, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*