## Luke E. Thompson v. George Cornwell et al.

1.   VERDICT—*when not disturbed as against the evidence.*   A verdict based upon conflicting evidence will not be disturbed as against the weight of the evidence unless clearly and manifestly so.

2.   ASSIGNMENTS OF ERROR—*when will not be considered.*   Assignments of error not argued will not be considered on review.

3.   EVIDENCE—*degree of, required in civil case when criminal offense is charged.*   In a civil case, where a criminal offense is set up; to establish such defense a clear or fair preponderance of the

evidence is required, not evidence that will satisfy the jury beyond a reasonable doubt, as in a criminal case.

4. Presumption of innocence—*application of rule of, in civil case.* Where a person in a civil case is charged with a criminal offense he is entitled to the presumption of innocence accorded him under criminal prosecution, and it is proper the jury should allow him the benefit of such presumption to the extent of requiring a clear preponderance of the evidence in support of the charge.

·Replevin. Appeal from the Circuit Court of Edwards County; the Hon. Enoch E. Newlin, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

C. A. Davidson and Creighton & Thomas, for appellant.

John R. Holt and William T. Bonham, for appellees.

Mr. Justice Myers delivered the opinion of the court.

Appellees brought an action of replevin against appellant and two other persons to recover possession of certain chattels including one-third of the growing crop of corn on fifty acres of land, all of which were claimed by virtue of two certain instruments in writing, one, a chattel mortgage dated January 20, 1905, and the other a bill of sale dated June 14, 1905. Voluminous pleadings culminated in the issues or questions to be submitted to the jury as follows:

1st. Was the chattel mortgage in question changed in a material part by the defendant (appellant) after its execution and without the consent of plaintiff (appellee)?

2d. Was usury charged plaintiffs as averred in their replication, and did they pay all sums due on loans secured by the chattel mortgage except such usury?

3d. Was the bill of sale absolute or only given as a security for money advanced, and if the latter, were such advances paid by plaintiffs?

The jury found in favor of the plaintiff upon all issues and as to all the property in controversy. From a judgment on the verdict appellant alone prosecutes an appeal to this court. The case was first brought to the Circuit Court of Wayne county, and there tried by a jury which found for

plaintiffs. This verdict was set aside, a change of venue was taken on motion of appellant to Edwards county, and the case again tried with results as stated.

That there was a sharp conflict of testimony upon all material issues will not, we think, be denied, nor may it be seriously contended that if the testimony of appellees and other witnesses sworn in their behalf is credited and may be believed, then the verdict of the jury is right and ought not to be disturbed. On the other hand, if the testimony of appellant and his witnesses is to be credited and believed, the verdict is wrong and ought to be set aside. As the testimony is in direct conflict upon material facts, to credit the testimony of appellees is to discredit appellant. It was for the jury to hear all the evidence produced by both parties to the controversy, to harmonize the testimony of witnesses if possible, and where there is actual conflict of statement the jury are the sole judges of where credit shall be given or withheld and render their verdict according to the weight of evidence, as they shall determine it. Having done so in this case the verdict must be held as conclusive of the rights of the parties unless there was such error in the proceedings by which the verdict was obtained, that the court may say that appellant did not have a fair trial.

No complaint is made by assignment of error on the rulings of the trial court in the pleading. The first contention in argument by appellant is, that the court erred in the admission of testimony. The evidence objected to is not pointed out. We cannot therefore determine wherein appellant finds error. The argument of counsel seems to be based upon the assumption of a settlement of accounts between appellant and appellees at two different dates, January 20, 1905, and June 14, 1905. As appellees deny any settlement, the question of a settlement was an issue within the pleading, and evidence bearing upon that issue, or upon other issues in the case upon appellees' theory that there was no settlement, was properly submitted to the jury.

The evidence of usury, admitted over appellant's objection, was within the averments of the replications and was

properly admitted. The contracts under which usury was charged were for money loaned by appellant to appellee, George Cornwell, and though some of the notes were signed by Myrtle Cornwell as surety, this would not affect the right of both appellees to that defense against the validity of the mortgage indebtedness under which appellant claimed the property in controversy. At the close of all the evidence appellant asked that the jury be instructed to find for appellant upon the question of usury. It is contended that this instruction should have been given and that it was error to refuse it. We have already stated that evidence of usury was properly admissible under the pleadings and that there was such evidence is not denied. This being the record it was not error to refuse the instruction.

Appellees' given instruction No. 15 is not entirely correct and, in a measure, is subject to the criticism made. The indebtedness to appellant is admitted by the pleading and, ordinarily, in such case, under a well-established rule invoked by appellant, he would not be required to prove the indebtedness, the burden being upon the party pleading payment, the appellees in this case. But in this case, there was a dispute whether various payments claimed by appellees to have been made, were applied by appellant in payment of the indebtedness. If payments made were applied by appellant otherwise than upon the indebtedness in dispute, it would be on him to prove it, being in rebuttal of appellees' evidence of payment. The instruction is not quite clear in statement of the rule that is to apply under the facts in this case, but we do not think appellant was prejudiced by it. We find no reversible error in instructions 16, 18 and 21. Complaint is made of instruction No. 20, because it authorizes a finding against appellant on the question of a change or alteration of the chattel mortgage, as charged by appellees, upon a preponderance of the evidence, it being contended by appellant's counsel that proof beyond a reasonable doubt is required. The instruction is not correct in the statement of the law, nor is the rule as contended for by appellant's counsel. In a civil case, where a criminal offense is set up,

Thompson v. Cornwell.

in support of a cause of action or in defense, to establish such offense, a clear or fair preponderance of the evidence is required, not evidence that will satisfy the jury beyond a reasonable doubt as in a criminal case. · The person so charged is entitled to the presumption of innocence accorded him under criminal prosecution, and it is proper that the jury should· allow him the benefit of such presumption in a civil case, to the extent of requiring a clear preponderance of the evidence in support of the charge. This is the rule as stated by our Supreme and Appellate Courts. Grimes v. Hilliary, Admr., 150 Ill., 141; Solomon v. Buechele, 119 App., 595. In form there is no direct charge of a criminal offense in this case. The averment is that the supposed mortgage was changed by appellant in a material part since it was executed and without the consent or direction of the appellees, whereby it became void and of no effect. In this respect a distinction will be observed from cases cited by appellant. While the instruction should have directed the jury that a clear preponderance of evidence was necessary to establish the fact that the mortgage had been ˙ changed, we are of opinion that the jury were not misled or their verdict affected by failure to distinguish between a preponderance and a clear preponderance in the evidence. The modification of appellant's instructions 1 and 2 was proper. Instruction No. 14 refused by the court does not correctly state the law as we have already observed in discussing objections to appellees' given instruction No. 20.

We have given argument of counsel in discussion of the evidence full and careful consideration and while we are not prepared to say, that upon all questions the finding of the jury accords with conclusions we might have reached, had we tried the case, seen and heard the witnesses, neither can we say from a fair and impartial review of the record that the verdict is manifestly against the weight and preponderance of the evidence. We are therefore of opinion that the judgment of the Circuit Court should be affirmed.

*Affirmed.*