# Ethel M. Foster, Administratrix, Appellee, v. Homer Shepherd, Appellant.

1.  INSTRUCTIONS—*when refusal to direct verdict upon particular count will not reverse.* Where there is one or more counts in the declaration which are supported by the proof in the case and under which upon proof made plaintiff is entitled to recover it is not reversible error to refuse to instruct the jury to find for the defendant upon counts not supported by the evidence.

2.  ORDINARY CARE—*when allegations and proof not required.* Where the death is caused by the discharge of fire arms in the hands of the defendant, and the declaration charges trespass *vi et armis*, it is not necessary to either aver or show due care on the part of the person killed.

3.  PLEADING—*when absence of allegation of due care cured.* Failure to allege due care is cured after verdict where the defendant has not demurred to the declaration for that reason.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed November 1, 1911.

JOHN E. JENNINGS, EDWARD C. CRAIG and HENRY I. GREEN, for appellant.

W. K. WHITFIELD, E. E. WRIGHT, WHITLEY & FITZGERALD and J. L. McLAUGHLIN, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by plaintiff to recover for the death of her husband who was killed by defendant on August 19, 1909, by a gun shot fired by defendant. The deceased was a cousin of the wife of defendant. The trial resulted in a verdict and judgment for $7,750, from which this appeal is prosecuted.

The declaration contains seven counts; the first

count is in trespass and charges an assault and killing of the deceased by the firing of a gun shot by defendant; the second, fourth, and fifth counts allege that the killing was unlawful, wrongful, wilful and malicious. The third, sixth and seventh counts are in trespass and allege an assault by negligently and carelessly firing a gun by the defendant upon and against the body of the deceased, by means whereof he was killed; the allegation that the shot was negligently and carelessly fired does not change the counts from trespass and is immaterial.

At the close of the evidence of the plaintiff and also at the close of all the evidence, defendant entered a motion to direct a verdict for the defendant, which motion was denied.

Defendant undertakes to justify the killing of deceased upon the ground that three or four nights prior to the 19th of August prowlers had been seen and heard around or near his residence and in the neighborhood in which he resided and who were supposed to be burglars, that deceased had heard of the prowlers and several days prior to the 19th of August had told some friends that they could have some fun frightening defendant by going to his residence and pretending to act the part of burglars, that defendant was a coward and would not hurt them. Defendant insists that a few minutes before he fired the shots the shutters on his windows were rattled, and upon going to his bed room window in the second story of his home, he saw some one in his yard in a crouched position approaching the house, and believing it to be a burglar fired three shots from a revolver through the window screen, one of which took effect in deceased's body.

Defendant urges as causes for reversal that the declaration is insufficient to support a judgment for the reason that it does not allege due care on the part of the deceased; that the court erred in the admission

and rejection of evidence, in the giving and refusing of instructions; that the judgment is not warranted by the evidence; that the court erred in refusing to direct a verdict for the defendant; that the judgment is excessive; and also on account of alleged objectionable and prejudicial language by counsel for the plaintiff in his argument to the jury.

There is no direct evidence in this record to justify the charge of the second, fourth and fifth counts of the declaration, that the killing was wilful, wanton and malicious, and the only theory upon which a recovery could be had under either of these counts must be under the rule of law that the killing may be inferred to have been wilful, wanton and malicious where the facts show an utter and reckless disregard for human life, but the facts in this case will not warrant such a conclusion or presumption, and the court should have directed the jury to find the defendant not guilty upon these counts. The refusal of the court, however, to instruct the jury to do so is not such error as to require a reversal of the cause if there is sufficient evidence in the record to support any count in the declaration under which a recovery may be had. Where there is one or more counts in the declaration which are supported by the proof in the case and under which upon proof made, plaintiff is entitled to recover, it is not reversible error to refuse to instruct the jury to find for the defendant, upon counts not supported by the evidence. Scott v. Parlin, 245 Ill. 460.

If a recovery can be had it must be upon either the first, third, sixth or seventh counts of the declaration which allege a trespass *vi et armis* by the defendant. The proof shows that the deceased was killed by reason of a gun shot fired by defendant, and under this declaration it was not error to refuse to direct a verdict.

Upon the contention of the defendant that neither the first, third, sixth or seventh counts alleges due care on the part of the deceased at the time he came to his death, we do not understand that where the death is caused by the discharge of fire arms in the hands of defendant, and the declaration charges trespass *vi et armis*, it is necessary to either aver or show due care on the part of the person killed, but that where the death is shown to have been caused by the discharge of fire arms, the result of which produces death, the burden of proof is then upon the party firing the shot to show justification for his act.    Morgan v. Cox, 22 Mo. 373; Bullock v. Babcock, 3 Wend. 391; Atchison v. Dullam, 16 Ill. App. 42; Chiles v. Drake, 2 Met. (Ky.) 146.    However, were it necessary in an action of this character to aver due care on the part of the deceased, it is a defect in the pleading; defendant did not demur to the declaration for this reason and stand by his demurrer, and having failed to do so, if the declaration otherwise states a good cause of action, the failure to aver due care, even if it would have been necessary in the first instance, is cured by the verdict.    Gerke v. Fancher, 158 Ill. 375; B. & O. S. W. R. v. Then, 159 Ill. 535.

Upon the contention that the court should have sustained the motion of defendant and directed a verdict because there is no evidence in the case to support the allegations of a wanton, wilful and malicious act, and because the proof does not show the defendant's guilt beyond a reasonable doubt:    Four counts of the declaration, the first, third, sixth, and seventh, do not allege that the act was wilful, wanton or malicious but that deceased was killed by the firing of the gun in the hands of defendant and as to these counts it was not necessary that the plaintiff should prove her case beyond a reasonable doubt.    Grimes v. Hilliary, 150 Ill. 141.

Upon the contention that the court erred in the admission and rejection of evidence to the prejudice of the defendant, the evidence that it is seriously contended it was error to admit on the part of the plaintiff is upon the question of the pecuniary loss to the plaintiff by reason of the death of her husband. Witnesses were permitted to prove his ability to work, the character of the work which he performed, and what it was reasonably worth. It is insisted by defendant that because it was developed from these witnesses that deceased was working as a manager for the estate of his deceased father, that he was not working for any salary or under any contract to receive compensation therefor, and because the evidence discloses that his management of the estate was a loss to the estate, that there is no proof of pecuniary loss to the plaintiff and that the damages recovered are excessive. Plaintiff, during the time of the management of this estate by deceased, procured her living and her support therefrom, and it was secured by reason of the work and services done and performed by deceased, and it was proper to admit proof as to what these services were reasonably worth, and the fact that by some act or series of acts or by mismanagement of the estate by deceased loss was occasioned to the estate or that he had not increased the value thereof during the time of his management did not render this evidence incompetent, and it was not error for the trial court to permit this evidence to be considered by the jury.

It is also insisted by defendant that the court erred in permitting witnesses on behalf of the plaintiff to testify to a conversation had between defendant and his father-in-law, Willis Howell, just after the death of the deceased and while neighbors and friends were there at the point where the body was found. The evidence permitted related to what defendant had said in his conversation at that time; this conversation occurred,

as disclosed by the witnesses, upon the porch at the home of the defendant upon or soon after the arrival of Willis Howell, his father-in-law. The court permitted the defendant to testify as to his version of this conversation, and he denied that the language attributed to him by the witnesses was used at that time or place and was permitted to relate what that conversation was. The evidence objected to and to which objection was sustained did not relate to this conversation but related to a conversation defendant claims to have been had by him with his father-in-law, Willis Howell, upon the stairs in the home of the defendant not at the time when the conversation was testified by witnesses for the plaintiff to have taken place; the objection was sustained to this conversation and the court did not permit defendant to testify as to the conversation which he insists took place at the stairs in his home. The objection was sustained by the trial court upon the ground that defendant was a party to the suit and that the opposite party sued as administratrix and defendant was therefore incompetent as a witness to this conversation; the court did not err in its ruling upon this question. Defendant was permitted to testify to the conversations had with him, which were offered in evidence by plaintiff; he was not a competent witness for the purpose of relating conversations other than those offered on the part of the plaintiff, although they may have occurred after the death of the deceased.

It is also insisted that the court erred in the admission of evidence relating to a board sidewalk which it is contended by defendant was removed prior to the time plaintiff's intestate was killed. This sidewalk extended from the south side of the home of the defendant to connect with the sidewalk in the public street upon the north side of State street which runs east and west past defendant's home. The evidence

is conflicting as to when this sidewalk was removed and as to whether or not it was there at the time of the killing. While we do not consider the question of this walk as very material to the issues involved in this case, we find no error of the trial court in permitting witnesses for the plaintiff to testify as to when the walk was removed or whether there was a walk there at the time of the killing. This evidence having been competent and properly admitted, it was not rendered incompetent by evidence of the contractor of the specific time when he removed this walk, and that a record made by him at the time shows it was removed a considerable time prior to the killing. The witnesses for the plaintiff having testified in good faith that it was there at the time of the killing, it was a question of fact to be determined by the jury from all the evidence whether it was there at that time or not. We find no error in the admission of this evidence.

Neither was there any error by the court in permitting plaintiff to show that defendant had upon the porch at the south side of his home electric fixtures; nor was it error to permit the testimony of witnesses as to the condition of the lights in the street on the night in question and whether or not the lights were burning at the time of the killing, from their remembrance of the circumstances at that time.

It is insisted by defendant that the shot was fired from a west window of his home, in the second story of the building, while it is contended on the part of the plaintiff that the shot was fired from a south window. It was a question for the jury to determine from which window this shot was fired, and evidence of all the surrounding circumstances was proper.

Neither did the court commit any error in permitting the bullet which passed through the body of the deceased to be exhibited to the jury. While it was not

necessary that the bullet should have been offered for the purpose of showing how and in what manner deceased was killed, for the reason that defendant admitted that he was killed by this bullet and that the shot was fired by defendant, this admission on the part of defendant did not render this evidence incompetent.

It is also insisted by defendant that the fact that plaintiff sues as administratrix of her husband's estate does not render defendant an incompetent witness for the reason that the recovery is not for the benefit of the estate but becomes the sole property of the widow and next of kin. It is sufficient to say in reply to this contention that the statute which renders the defendant an incompetent witness where the plaintiff sues as administrator does not make any distinction as to the competency or incompetency of a witness whether the recovery is for the benefit of the estate or whether the recovery is for the benefit of the next of kin.

It was also insisted by defendant that by reason of the fact that plaintiff's intestate was either upon the defendant's premises and pretending to act as a burglar, or was passing across the premises of defendant, that in either event, if defendant honestly believed and thought that deceased was a burglar and was about to enter his home, that is a sufficient justification for the killing. The evidence does not disclose that at the time the shot was fired anybody was endeavoring to enter the home of the defendant or that defendant's life, or his person, or that of any member of his family was in any immediate or probable danger of being injured or damaged.

The law does not permit the owner of property to kill a person passing over his property or remaining upon the property simply because he is a trespasser. Unless deceased was attempting to enter the premises

of the defendant, or was acting as a lookout, for the purpose of protecting or assisting some other person then attempting, or about, to enter the habitation of the defendant, or defendant had just and reasonable grounds, by reason of the circumstances shown, to fear that he or some member of his family was liable to receive great bodily harm or injury, he was not justified in firing upon the deceased and killing him.

It is also insisted by defendant that the record discloses that deceased went upon his premises for an unlawful purpose, and that he was there for the purpose of undertaking to cause defendant to believe that his home was about to be burglarized. The only evidence upon the question of the deceased intending to go upon the premises of the defendant is developed from conversations had between the deceased and several parties in which deceased had said that he could scare the wadding out of defendant by making him believe he was a burglar. These conversations occurred two or three days prior to the time of the killing and there is no conversation related and no evidence shown that deceased, upon the day in question or at any other time, had ever said that he was going upon the premises of the defendant for the purpose of playing burglar or frightening him or that he intended in any maner to do any unlawful act. While it is insisted by defendant that plaintiff's intestate was upon his premises in an unlawful and illegal manner without any right or justification therefor, it is insisted by plaintiff that the evidence discloses that deceased was not upon the premises of the defendant but that after he had closed his store upon the evening in question he went to the village park and listened to an address by Professor Hopkins of the University of Illinois, from there he went to the office of Dr. Hoover and from there back to State street and proceeded west on State street until he reached the home of the defend-

ant and that after reaching the intersection of State street and Washington street, upon the intersection of which streets defendant's home is located, plaintiff's intestate then continued west on the north side of State street with the intention of going to the home of his mother, who lived about one block west and north of defendant's home, for the purpose of staying all night and that he had stopped upon the sidewalk in front of the home of the defendant to urinate, the lower two buttons of the lapel of his trousers having been open when his body was found, and that while in one or the other of these places the defendant fired the fatal shot. The body was found with the shoulders lying off the sidewalk on the north side of State street and south of defendant's home. The evidence upon these questions is conflicting and there is evidence tending to support either contention, and it was a question of fact for the jury to determine from all the evidence upon proper instructions of the court the conditions or circumstances under which deceased was killed and whether or not the killing was justified or whether defendant in firing the shot in question was guilty of negligence as complained of in the third, fifth and sixth counts of the declaration. The jury by their verdict have determined these questions against the defendant and in favor of the plaintiff, and we are not able to say that the verdict of the jury is not warranted by the evidence.

We have examined the remarks of plaintiff's counsel which it is insisted by defendant are prejudicial, but we do not find that the criticism made of them is justified; the remarks made by counsel were warranted by the evidence.

The instructions given in this case, taken as a whole and considered as a series, state the law with substantial accuracy and defendant has not been prejudiced by the instruction either given or refused.

The arguments of counsel are very voluminous and to take up each and every proposition contended for would unnecessarily extend this opinion.  We have given them careful consideration and do not deem it necessary to discuss other questions raised, for the reason that they are not controlling.

We do not consider the damages excessive, and finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*